(June 9, 1997)

■ DEBORAH R. ABRAMS, Appellant, v MICHAEL G. ABRAMS, Respondent. [658 NYS2d 432] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered June 25, 1996, which denied her motion, *inter alia,* to enjoin the defendant husband from retaining any benefits occasioned by her

waiver of rights to certain marital property pursuant to the parties' stipulation.

Ordered that the order is affirmed insofar as appealed from, with costs.

"It is well settled that absent a showing that a stipulation of settlement was the product of fraud, overreaching, mistake, or duress, it will not be disturbed by the court" *(Enright v Vasile,* 205 AD2d 732, 733; *see also, Gadomski v Gadomski,* 189 AD2d 800; *Wilutis v Wilutis,* 184 AD2d 639). "[W]here the agreement is fair on its face, such that there is no inference of overreaching, vacatur is not warranted even if one party failed to disclose financial information, unless the undisclosed information was of such consequence that had it been disclosed, the other party would not have executed the agreement" *(Ruxton v Ruxton,* 181 AD2d 876; *see also, Stockfield v Stockfield,* 131 AD2d 834). The husband's failure to disclose that he received a payment from a creditor did not render the stipulation of settlement so patently unfair as to require its vacatur. Bracken, J. P., Santucci, Goldstein and Luciano, JJ., concur.