YOSEF MORAD, Appellant, v SANDRA BAER MORAD, Respondent. [812 NYS2d 126]—

In an action to set aside a separation agreement, the plaintiff husband appeals from an order of the Supreme Court, Nassau County (Falanga, J.), entered February 19, 2004, which granted that branch of the defendant wife's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint on the ground that it failed to state a cause of action.

Ordered that the order is affirmed, with costs.

The husband commenced this action to set aside a separation agreement on the grounds that its terms are unconscionable and that it was executed under duress. The Supreme Court granted that branch of the wife's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint on the ground that it failed to state a cause of action. We affirm.

"In determining whether a complaint is sufficient to withstand a motion pursuant to CPLR 3211 (a) (7), the sole criterion is whether the pleading states a cause of action, and if

from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (*Morris v Morris*, 306 AD2d 449, 451 [2003] [internal quotation marks omitted]). When parties submit affidavits in connection with a motion to dismiss and where, as here, the court does not convert the motion to one for summary judgment, the affidavits may be considered in determining whether the plaintiff has a cause of action (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]; *Fields v Leeponis*, 95 AD2d 822 [1983]).

The Supreme Court properly dismissed the complaint insofar as it asserted a cause of action based on unconscionability. The parties' separation agreement was annexed as an exhibit to the complaint and was a part thereof. An unconscionable bargain is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense (*see Christian v Christian*, 42 NY2d 63, 71 [1977]; *Yuda v Yuda*, 143 AD2d 657, 658 [1988]). The separation agreement stated that the husband entered into the separation agreement with the benefit of independent counsel. The agreement was not unconscionable, as it provided the husband with multiple and meaningful bargained-for benefits such as, inter alia, no maintenance obligation to the wife despite significant income disparity, a waiver by the wife of any entitlement to any portion of the value of the husband's medical practice, and a 43% contribution by the wife toward the marital debt. Other provisions that favored the wife were equitable given the parties' income differential. The complaint failed to state a cause of action that the separation agreement, viewed as a whole, was unconscionable.

Similarly, the Supreme Court properly found that the husband's complaint, as supplemented by affidavits, failed to state a cause of action as to duress. The majority of allegations involved the husband's medical condition rather than alleged coercive acts of the wife. At most, the husband alleges that he was under "relentless pressure" from the wife, which was insufficient in and of itself to sustain the cause of action (*see Beutel v Beutel*, 55 NY2d 957, 958 [1982]). In any event, motions to set aside contracts procured by duress must be made promptly lest the terms be deemed to have been ratified by the challenging party (*see Beutel v Beutel, supra* at 957; *Sheindlin v Sheindlin*, 88 AD2d 930, 931 [1982]). The husband's three-year delay in seeking to set the agreement aside barred him from raising the

issue of duress (*see Chalos v Chalos*, 128 AD2d 498, 499 [1987] [three-year delay in challenging separation agreement based on duress sufficient basis to dismiss complaint under CPLR 3211 (a)]).

The husband's remaining contentions are without merit or have been rendered academic. Adams, J.P., Santucci, Fisher and Dillon, JJ., concur.