JOANNE ANSELMO LABEL, Respondent, v STUART LABEL, Appellant. [895 NYS2d 192]—

In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Suffolk County (MacKenzie, J.), dated July 18, 2008, which granted the plaintiff wife's motion to vacate so much of the parties' stipulation of settlement as provided that the wife waived equitable distribution of the husband's ownership interest in a business.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

In 2004, the plaintiff wife commenced the instant action for a divorce and ancillary relief against the defendant husband, and she retained an expert evaluator to value the husband's business. On January 12, 2007, the expert issued a "preliminary appraisal" estimating the value of the business as of 2004 to be $1,042,890. The expert acknowledged that since discovery was incomplete, he had not been able to evaluate the "intangible value or goodwill" of the business. In August 2007, the parties entered into an oral stipulation of settlement on the record, which, inter alia, settled the custody and visitation issues between the parties, awarded the wife the marital residence, durational maintenance, child support, and a cash distributive award of $120,000, and provided that the wife waived equitable distribution of the husband's ownership interest in his business.

In April 2008, after the wife surreptitiously discovered a 2007 offer by the husband's business partner to purchase the husband's share of the business for the sum of $1,820,000, the expert completed a second appraisal of the business at the wife's request, whereupon he assigned a value of $3,640,000 to the business as of 2004. Based on this new information, the wife moved to vacate so much of the stipulation of settlement as provided that she waived equitable distribution of the husband's ownership interest in the business as having been induced by fraud. The Supreme Court granted the motion, and we reverse.

An agreement between spouses which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability (see *Christian v Christian*, 42 NY2d 63, 73 [1977]; *Schultz v Schultz*, 58 AD3d 616 [2009]; *Abrams v Abrams*, 240 AD2d 445 [1997]). "An unconscionable bargain is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense" (*Morad v Morad*, 27 AD3d 626, 627 [2006]; see *Christian v Christian*, 42 NY2d at 71; *Cosh v Cosh*, 45 AD3d 798, 799 [2007]). However, an agreement is not unconscionable "merely because, in retrospect, some of its provisions were improvident or one-sided" (*O'Lear v O'Lear*, 235 AD2d 466 [1997]; see *Etzion v Etzion*, 62 AD3d 646, 653-654 [2009]; *Cosh v Cosh*, 45 AD3d at 799; *Brennan-Duffy v Duffy*, 22 AD3d 699, 700 [2005]; *Cruciata v Cruciata*, 10 AD3d 349 [2004]).

Applying these principles to the matter at bar, the Supreme Court erred in partially vacating the stipulation of settlement. The wife was represented by independent counsel and received meaningful and bargained-for benefits under the agreement, including generous maintenance and equitable distribution, "based on the financial information made available to the [wife's] independent accountant and legal counsel, who negotiated on [her] behalf over the course of several months" (*Rubin v Rubin*, 33 AD3d 983, 984 [2006]; *see McFarland v McFarland*, 70 NY2d 916, 918 [1987]; *Morad v Morad*, 27 AD3d at 627; *Kerr v Kerr*, 8 AD3d 626 [2004]; *Kavanagh v Kavanagh*, 2 AD3d 688 [2003]). Although the husband retained business property which is apparently now substantially more valuable than it was appraised for at the time of the agreement, " 'courts will not set aside an agreement on the ground of unconscionability simply because it might have been improvident' " or one-sided (*Etzion v Etzion*, 62 AD3d at 654, quoting *Golfinopoulos v Golfinopoulos*, 144 AD2d 537, 538 [1988]; *see Weinstein v Weinstein*, 36 AD3d 797, 798 [2007]; *Morand v Morand*, 2 AD3d 913, 915 [2003]; *Kazimierski v Weiss*, 252 AD2d 481, 482 [1998]; *Warren v Rabinowitz*, 228 AD2d 492, 493 [1996]).

The wife also failed to demonstrate that the agreement, which was fair on its face, was the result of fraud. She was fully aware of the parties' assets, cognizant that the expert evaluation of the business was preliminary and had not assessed goodwill, and she waived further discovery upon entering into a stipulation of settlement without a final independent evaluation. Under these circumstances, the husband's failure to disclose the 2007 offer did not render the stipulation of settlement so patently unfair as to require its vacatur (*see McFarland v McFarland*, 70 NY2d at 918; *Weinstein v Weinstein*, 36 AD3d at 798; *Kojovic v Goldman*, 35 AD3d 65, 71 [2006]; *Stoerchle v Stoerchle*, 101 AD2d 831 [1984]). Accordingly, the court should have denied the wife's motion to vacate so much of the stipulation of settlement as provided that she waived equitable distribution of the husband's ownership interest in his business. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.