KARYN LEE LIBERT, Respondent, v SCOTT JOHN LIBERT, Appellant. [911 NYS2d 133]—

In an action to set aside a settlement agreement dated December 13, 2007, which was incorporated, but not merged, into the parties' judgment of divorce entered March 20, 2008, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated December 15, 2009, as granted those branches of the plaintiff's cross motion for summary judgment on the complaint which were to vacate the equitable distribution and maintenance provisions of the settlement agreement.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties are former husband and wife who were married

in 1986. In August 2007 the former husband (hereinafter the defendant) commenced an action for a divorce and ancillary relief, and on December 13, 2007, the parties entered into a settlement agreement (hereinafter the agreement). The parties were divorced by judgment entered March 20, 2008, which incorporated, but did not merge, the agreement. Neither party was represented by counsel at any point throughout the action. In pertinent part, the agreement provided that: both parties waived maintenance; the parties would have joint custody of their two children, with residential custody to the defendant; the former wife (hereinafter the plaintiff) would pay the sum of $700 per month in child support; the defendant could remain in the marital residence "for as long as he desires"; the plaintiff would receive $350,000, or half of the proceeds from the sale of such residence (whichever was less); and the plaintiff would assume liability for a $90,000 promissory note to her parents executed when the parties purchased the marital residence from the plaintiff's parents.

In September 2008, approximately six months after the divorce judgment was entered, the plaintiff commenced this plenary action to set aside the agreement, claiming that it was unconscionable and had been executed under duress. Thereafter, the defendant moved to dismiss the complaint, and the plaintiff cross-moved for summary judgment on the complaint. The Supreme Court granted those branches of the plaintiff's cross motion which were, inter alia, to vacate the equitable distribution and maintenance provisions of the agreement, finding that they were unconscionable.

"A stipulation of settlement should be closely scrutinized and may be set aside upon a showing that it is unconscionable or the result of fraud, or where it is shown to be manifestly unjust because of the other spouse's overreaching" (*Cruciata v Cruciata*, 10 AD3d 349, 350 [2004]; *see Christian v Christian*, 42 NY2d 63, 72-73 [1977]; *Santini v Robinson*, 306 AD2d 266 [2003]; *Gilbert v Gilbert*, 291 AD2d 479 [2002]). "A stipulation of settlement which is made in open court by parties who are represented by counsel and who unequivocally agree to its terms will not be set aside absent a showing that the stipulation was tainted by mistake, fraud, duress, overreaching or unconscionability" (*Fox v Merriman*, 307 AD2d 685, 686 [2003]). "An unconscionable bargain is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense" (*Morad v Morad*, 27 AD3d 626, 627 [2006]).

Applying these principles to the case herein, the Supreme Court properly determined that the plaintiff demonstrated her prima facie entitlement to judgment as a matter of law vacating the equitable distribution and maintenance provisions of the agreement. Although the parties had been married for 21 years at the time of the divorce, and the defendant was then earning almost nine times the plaintiff's salary, their "pro se" agreement made no provision for maintenance to the plaintiff, and did not even mention the substantial marital asset of the defendant's vested New York State pension (*see Majauskas v Majauskas*, 61 NY2d 481 [1984]). In addition, the agreement stated that the plaintiff was obligated to assume full responsibility for the remaining $90,000 due under the promissory note which the parties executed in connection with the purchase of the house, even though the defendant was allowed to remain in the house for "as long as he desired." The agreement also stated that the plaintiff was to pay $700 per month in child support, an amount which, at that time, represented almost 75% of her income. In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact.

"An agreement which results in an award of substantially all of the marital assets to one party while burdening the other party with substantial economic obligations is patently unconscionable" (*Tartaglia v Tartaglia*, 260 AD2d 628, 629 [1999]; *see Morad v Morad*, 27 AD3d at 626; *Yuda v Yuda*, 143 AD2d 657 [1988]; *cf. Schultz v Schultz*, 58 AD3d 616 [2009]). The plaintiff established, under the circumstances of this case, that the equitable distribution and maintenance provisions of the agreement were "patently unconscionable" and, thus, she was entitled to summary judgment vacating those provisions (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Fisher, J.P., Santucci, Eng and Sgroi, JJ., concur.