In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Mackenzie, J.), dated June 6, 2012, as denied that branch of his motion which was for a determination that, pursuant to the terms of the parties’ prenuptial agreement, the parties’ marital residence was marital property subject to equitable distribution, and not the plaintiff’s separate property.
Ordered that the order is affirmed insofar as appealed from, with costs.
Initially, we note that the plaintiffs contention that the appeal should be dismissed because certain portions of the order are not appealable is without merit, because the defendant’s appeal is limited to a portion of the order that is appealable (see CPLR 5701 [a] [2] [i], [v]).
In contemplation of marriage, the parties executed a prenuptial agreement in which they agreed, inter alia, to define “marital property” to be “(a) any property that is jointly owned by the parties, and (b) all household furniture and furnishings owned by either party, whether heretofore or hereafter acquired and regardless of the form in which title is held.” The prenuptial agreement defined all other property as “separate property,” including real property purchased by either party during the marriage using their own separate property, as well as the appreciation of such property during the marriage “whether caused by the efforts of a party or a third party, or by inflation, or by any other cause or stimulus.” The prenuptial agreement also provided that it could only be modified in a writing signed by both parties.
Shortly after the parties were married, the plaintiff purchased a house in East Hampton for $295,000. She made a $150,000 down payment using proceeds from the sale of her separate *826 property, and the defendant took out a mortgage, in his name, for the balance. The house, which would become the parties’ marital residence, was titled solely in the plaintiffs name. The plaintiff was not employed after the parties were married, and the defendant paid, inter alia, the mortgage and all the carrying costs for the house. After the plaintiff filed for divorce, the defendant moved, inter alia, for a determination that, pursuant to the terms of the prenuptial agreement, the house was marital property subject to equitable distribution, and not the plaintiffs separate property. The Supreme Court denied that branch of the defendant’s motion.
When determining the intent of the parties to a prenuptial agreement the court will apply the principles of contract interpretation (see Van Kipnis v Van Kipnis, 11 NY3d 573, 577 [2008]; Strong v Dubin, 75 AD3d 66, 68 [2010]; Clark v Clark, 33 AD3d 836, 837 [2006]). Where, as here, the agreement is clear and unambiguous, the intent of the parties is gleaned from the four corners of the writing with a practical interpretation of the language employed, so that the parties’ reasonable expectations are realized (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; Rainbow v Swisher, 72 NY2d 106, 109 [1988]; Sunrise Mall Assoc. v Import Alley of Sunrise Mall, 211 AD2d 711 [1995]).
The prenuptial agreement provisions at issue here clearly and unambiguously define what constitutes the parties’ marital property and separate property, and under the circumstances of this case, the house is separate property. Contrary to the defendant’s contention, the fact that he paid the mortgage and carrying costs on the house is immaterial, and, according to the modification provisions of the prenuptial agreement, cannot serve as a basis for its modification.
Accordingly, the Supreme Court properly denied that branch of the defendant’s motion which was for a determination that, pursuant to the terms of the prenuptial agreement, the house was marital property subject to equitable distribution, and not the plaintiffs separate property. Mastro, J.P., Lott, Roman and Cohen, JJ., concur.