■ Lorenzo Thantu, Appellant, v Martina Laifook, Respondent. (Action No. 1.) Martina Laifook, Respondent, v Lorenzo Thantu, Appellant. (Action No. 2.) [974 NYS2d 75]—

In a matrimonial action in which the parties were divorced by judgment dated February 1, 2011 (action No. 1), and a related action to set aside a stipulation of settlement dated August 17, 2010, which was incorporated but not merged into the judgment of divorce (action No. 2), Lorenzo Thantu, the plaintiff in action No. 1 and the defendant in action No. 2, appeals from an order of the Supreme Court, Westchester County (Colangelo, J.), dated April 24, 2012, which denied his cross motion for summary judgment dismissing the complaint in action No. 2 and, sua sponte, stayed the proceedings in action No. 1 pending the determination of the proceedings in action No. 2 or until further order of the court. In a decision and order on motion dated August 17, 2012, this Court granted the appellant's motion to stay enforcement of the order to the extent of staying all proceedings in action No. 2 pending hearing and determination of the appeal.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, stayed the proceedings in action No. 1 pending the determination of the proceedings in action No. 2 or until further order of the court is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [a]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

In 2007, the appellant commenced an action for divorce and ancillary relief (action No. 1). On August 17, 2010, the parties entered into a stipulation of settlement, which was incorporated but not merged into a judgment of divorce dated February 1, 2011. Upon the respondent's alleged failure to comply with certain provisions of the stipulation of settlement, the appellant moved, inter alia, to hold the respondent in contempt, and the respondent cross-moved for an order holding the appellant in contempt. The respondent then commenced an action to set aside the stipulation of settlement (action No. 2), inter alia, on the ground that it was unconscionable, and the appellant cross-moved for summary judgment dismissing the complaint in action No. 2. The Supreme Court denied the appellant's cross motion for summary judgment, determining that the respondent raised triable issues of fact as to whether the stipulation of

settlement should be set aside as unconscionable, and it sua sponte stayed the proceedings in action No. 1 pending the determination of the proceedings in action No. 2 or until further court order.

A separation agreement or stipulation of settlement should be closely scrutinized and may be set aside upon a showing that it is unconscionable or the result of fraud, or where it is shown to be manifestly unfair to one spouse because of overreaching on the part of the other spouse (*see Christian v Christian*, 42 NY2d 63, 72-73 [1977]; *Cervera v Bressler*, 85 AD3d 839, 841 [2011]; *Libert v Libert*, 78 AD3d 790, 791-792 [2010]; *Infante v Infante*, 76 AD3d 1048, 1048-1049 [2010]). Here, in opposition to the appellant's establishment, prima facie, of his entitlement to judgment as a matter of law dismissing the complaint in action No. 2, the respondent raised a triable issue of fact as to whether the stipulation of settlement should be set aside as unconscionable or manifestly unfair. Accordingly, the Supreme Court properly denied the appellant's cross motion for summary judgment dismissing the complaint in action No. 2 (*see Reiner v Reiner*, 59 AD3d 420, 421 [2009]; *cf. Libert v Libert*, 78 AD3d at 792; *Bright v Freeman*, 24 AD3d 586, 588 [2005]).

As a matter of judicial economy, the Supreme Court properly stayed the proceedings in action No. 1 pending determination of the proceedings in action No. 2 (*see* CPLR 2201; *Halloran v Halloran*, 161 AD2d 562, 564 [1990]). Eng, P.J., Balkin, Lott and Roman, JJ., concur.