This memorandum is uncorrected and subject to revision before publication in the New York Reports.
-----------------------------------------------------------------

No. 173
In the Matter of Anthony Frank
Fizzinoglia, &c., Deceased.

Josephine Paradiso Fizzinoglia,
            Appellant;
Frank Fizzinoglia,
            Respondent.


            Sondra M. Miller, for appellant.
            Robert C. Lusardi, for respondent.


MEMORANDUM:

            The order of the Appellate Division should be affirmed, with costs.

            In this administration proceeding pursuant to Surrogate's Court Procedure Act § 1001, Surrogate's Court properly denied petitioner's motion for summary judgment

- 1 -

dismissing objectant's claim against the Estate.  Petitioner did not make a prima facie showing that the prenuptial agreement she and the decedent signed was invalid and unenforceable insofar as it omitted a statement of the parties' assets and liabilities. Notably, petitioner testified that she was aware when the agreement was executed that the statement was absent, and that, at the time, the decedent's finances "didn't matter" to her. Moreover, the record does not contain any indication that the decedent "attempted to conceal or misrepresent the nature or extent of his assets" (Panossian v Panossian, 172 AD2d 811, 813 [2d Dept 1991]).

At trial, Surrogate's Court properly granted objectant's motion for judgment as a matter of law under CPLR 4401.  Petitioner failed to present prima facie proof that "a fact-based, particularized inequality" (Matter of Greiff, 92 NY2d 341, 346 [1998]) existed between the decedent and herself at the time of the execution of the prenuptial agreement, or of her resulting burden of proof that the agreement was the product of fraud, duress, overreaching, or other inequitable conduct by the decedent (see generally Christian v Christian, 42 NY2d 63, 71-73 [1977]).

Petitioner's remaining contentions lack merit in the circumstances of this case.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, with costs, in a memorandum.  Chief Judge Lippman and Judges Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.


Decided November 18, 2015