██ BARBARA SANFILIPPO, Appellant, v JOSEPH SANFILIPPO, Respondent. (Action No. 1.) JOSEPH SANFILIPPO, Respondent, v BARBARA SANFILIPPO, Appellant. (Action No. 2.) [31 NYS3d 78]—

Appeals from (1) an amended order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), entered October 30, 2014, and (2) a judgment of divorce of that court entered January 21, 2015. The amended order, insofar as appealed from, denied those branches of Barbara Sanfilippo's motion which were to stay the execution of a judgment of divorce, to vacate or modify the parties' settlement agreement dated October 9, 2013, and for interim maintenance. The judgment of divorce, insofar as appealed from, awarded Barbara Sanfilippo certain maintenance.

Ordered that the amended order is affirmed insofar as appealed from; and it is further,

Ordered that the judgment of divorce is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The parties were married on August 21, 1983, and there are three children of the marriage, one of whom is a minor who continues to reside with Barbara Sanfilippo (hereinafter the wife). In 2012, Joseph Sanfilippo (hereinafter the husband) commenced an action for a divorce and ancillary relief, and on October 9, 2013, the parties entered into a settlement agreement (hereinafter the agreement). In 2014, the wife commenced a plenary action, inter alia, to vacate or modify the agreement and moved, among other things, to vacate or modify the agreement, to stay the execution of a judgment of divorce (hereinafter the judgment), and for interim maintenance. In an amended order entered October 30, 2014, the Supreme Court denied those branches of her motion and directed the parties to submit the judgment for entry. On January 21, 2015, the court entered the judgment, which incorporated, but did not merge with, the agreement. The wife appeals, as limited by her brief, from stated portions of the amended order and the judgment. We af-

firm the amended order and the judgment insofar as appealed from.

Pursuant to the express terms of the agreement, the parties settled all custody and visitation issues, equitably distributed their marital assets, agreed to a certain award of maintenance to the wife as well as an award of child support, and agreed that the wife and minor child could remain in the marital residence until after the minor child's graduation from high school. In addition, the parties agreed that the husband would retain the $30,000 in the parties' joint savings account and that the wife would receive one half of that amount upon the sale of the marital residence.

The agreement expressly provides that it is a final settlement agreement. As such, contrary to the wife's contention, Domestic Relations Law § 236 (B) (5-a) (f), which pertains to interim maintenance, is inapplicable to the permanent maintenance provisions of the agreement.

The wife's contention that the maintenance provisions of the agreement should be vacated on the ground of unconscionability also is without merit. A settlement agreement or a stipulation of settlement entered into by parties to a divorce proceeding that is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability (*see Label v Label*, 70 AD3d 898, 899 [2010]; *Brennan-Duffy v Duffy*, 22 AD3d 699, 699 [2005]; *see also Christian v Christian*, 42 NY2d 63, 73 [1977]). An agreement is unconscionable if it " 'is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense' " (*Label v Label*, 70 AD3d at 899, quoting *Morad v Morad*, 27 AD3d 626, 627 [2006]; *see Libert v Libert*, 78 AD3d 790, 791 [2010]). However, an agreement is not unconscionable "merely because, in retrospect, [it might have been] improvident or one-sided" (*O'Lear v O'Lear*, 235 AD2d 466, 466 [1997]; *see Cioffi-Petrakis v Petrakis*, 72 AD3d 868, 869 [2010]; *Label v Label*, 70 AD3d at 899; *Etzion v Etzion*, 62 AD3d 646, 653 [2009]).

Here, the wife failed to establish that the terms of the agreement were unconscionable (*see Label v Label*, 70 AD3d at 900; *Cosh v Cosh*, 45 AD3d 798, 800 [2007]; *Morad v Morad*, 27 AD3d at 627).

The wife's remaining contentions are without merit or not properly before this Court.

Accordingly, the Supreme Court properly denied those branches of the wife's motion which were to vacate or modify the agreement, for interim maintenance, and to stay the execution of the judgment (*see Cosh v Cosh*, 45 AD3d at 800; *Morad v Morad*, 27 AD3d at 627). Rivera, J.P., Dillon, Roman and Duffy, JJ., concur.