■ DAVID REINER, Respondent, v MONICA REINER, Appellant. [39 NYS3d 70]—

Appeals by the defendant from (1) stated portions of a judgment of divorce of the Supreme Court, Suffolk County (Jennifer A. Buetow, Ct. Atty. Ref.), entered June 18, 2014, and (2) an order of that court dated September 24, 2014. The judgment, upon an amended decision of that court dated May 15, 2013, made after a nonjury trial, inter alia, incorporated but did not merge a separation agreement and dismissed the defendant's counterclaims to rescind that separation agreement. The order, insofar as appealed from, granted the plaintiff's motion for an award of attorney's fees and expert fees to the extent of awarding him the total sum of $189,293.40.

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The parties were married on April 30, 1988. On October 1, 2004, the parties entered into a separation agreement. In December 2005, the plaintiff commenced this action for a divorce and ancillary relief. In January 2006, the defendant filed a verified answer with counterclaims to rescind the separation agreement on the grounds of, inter alia, fraud and duress. Following a nonjury trial, the Supreme Court entered a judgment of divorce on June 18, 2014, which, among other things, incorporated but did not merge the separation agreement and dismissed the defendant's counterclaims. In May 2014, the plaintiff moved for an award of attorney's fees and expert fees incurred in defending against the defendant's counterclaims to rescind the separation agreement. In an order dated September 24, 2014, the Supreme Court granted the plaintiff's motion to the extent of awarding him the total sum of $189,293.40. The defendant appeals from the judgment and the order.

A separation agreement may be set aside upon a showing of fraud or duress, or where the agreement is manifestly unfair to a spouse because of the other spouse's overreaching (see Christian v Christian, 42 NY2d 63 [1977]; Kerr v Kerr, 8 AD3d 626 [2004]; Cardinal v Cardinal, 275 AD2d 756, 757 [2000]). Contrary to the defendant's contention, she failed to demonstrate that the burden of proof should have been shifted to the plaintiff to disprove fraud or overreaching (cf. Matter of Fizzinoglia, 26 NY3d 1031, 1032 [2015]; Matter of Greiff, 262 AD2d 320 [1999]), or to satisfy her burden of showing that the separation agreement was the product of fraud, duress, overreaching, or other inequitable conduct by the plaintiff (see Cantilli v Cantilli, 40 AD3d 1023 [2007]). Accordingly, the Supreme Court properly dismissed the defendant's counterclaims to rescind the separation agreement.

In light of the foregoing, the plaintiff was entitled to an award of attorney's fees and expert fees incurred in defending against the defendant's counterclaims to rescind the separation agreement, which separation agreement provided for such an award to either party who successfully defends against any attempt to rescind the agreement (see Sweeney v Sweeney, 71 AD3d 989, 992-993 [2010]). Under the circumstances presented, the defendant has not set forth any basis to disturb the order granting the plaintiff's motion to the extent of awarding him the total sum of $189,293.40. Balkin, J.P., Austin, Sgroi and Duffy, JJ., concur.