Taha v Elzemity (2018 NY Slip Op 00188)





Taha v Elzemity


2018 NY Slip Op 00188


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2015-01796
 (Index No. 50819/13)

[*1]Hesham Taha, respondent, 
v
Abier Elzemity, appellant.


Catherine S. Bridge, Staten Island, NY, for appellant.
Kuharski, Levitz & Giovinazzo (Arnold E. DiJoseph, P.C., New York, NY, of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Richmond County (Catherine M. DiDomenico, J.), dated December 31, 2014. The order, insofar as appealed from, after a hearing, denied the defendant's motion to set aside the parties' prenuptial agreement and granted the plaintiff's cross motion for summary judgment determining that the prenuptial agreement is valid and enforceable.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion to set aside the parties' prenuptial agreement is granted and the plaintiff's cross motion for summary judgment determining that the prenuptial agreement is valid and enforceable is denied.
The parties were married in 2007, and have three children. Shortly before their marriage, they entered into a prenuptial agreement. The agreement provided, inter alia, that, in the event of separation or divorce, each party waived the right to the other's separate property, including property acquired from the proceeds of separate property acquired during the marriage; each party would keep separate bank accounts; and the plaintiff's maintenance obligation would be limited to a lump sum payment of $20,000. In 2008, the parties moved into the marital residence, which was purchased with funds from the plaintiff's bank account, and the deed and mortgage were placed solely in his name. The plaintiff has been practicing medicine since 1987 and earns approximately $300,000 annually. The defendant, who had been employed part-time as a sales person when the parties met, did not work outside the home during the marriage but dedicated herself to the care of the household and the parties' children, one with special needs.
In October 2013, the plaintiff commenced this action for a divorce and ancillary relief. The defendant moved to set aside the prenuptial agreement on the ground, inter alia, that it is unconscionable. The plaintiff cross-moved for summary judgment determining that the prenuptial agreement is valid and enforceable. After a hearing, the Supreme Court granted the plaintiff's cross motion and denied the defendant's motion, finding, inter alia, that the prenuptial agreement is not unconscionable. The defendant appeals.
"An agreement between spouses or prospective spouses should be closely scrutinized, [*2]and may be set aside upon a showing that it is unconscionable, or the result of fraud, or where it is shown to be manifestly unfair to one spouse because of overreaching on the part of the other spouse" (Bibeau v Sudick, 122 AD3d 652, 654-655; see Christian v Christian, 42 NY2d 63, 73; Lombardi v Lombardi, 127 AD3d 1038, 1041). "An agreement is unconscionable if it is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense'" (Sanfilippo v Sanfilippo, 137 AD3d 773, 774; quoting Label v Label, 70 AD3d 898, 899 [internal quotation marks omitted]; see McKenna v McKenna, 121 AD3d 864, 865). An agreement that might not have been unconscionable when entered into may become unconscionable at the time a final judgment would be entered (see Domestic Relations Law § 236[B][3]; Maddaloni v Maddaloni, 142 AD3d 646, 649; Gottlieb v Gottlieb, 138 AD3d 30, 46; Anonymous v Anonymous, 123 AD3d 581, 584). The burden of proof as to unconscionability is on the party seeking to set aside the agreement (see Ku v Huey Min Lee, 151 AD3d 1040, 1041; Matter of Fizzinoglia, 118 AD3d 994, 996, affd 26 NY3d 1031).
Here, contrary to the Supreme Court's determination, the defendant sustained her burden of establishing that the prenuptial agreement was, at the time this action was before the court, unconscionable. Enforcement of the agreement would result in the risk of the defendant's becoming a public charge. The defendant, who is unemployed, largely without assets, and the primary caregiver for the parties' young children, would, under the prenuptial agreement, receive only $20,000, in full satisfaction of all claims, even though the plaintiff earns approximately $300,000 annually as a physician (see Maddaloni v Maddaloni, 142 AD3d at 649-650; Kessler v Kessler, 33 AD3d 42, 46; Tartaglia v Tartaglia, 260 AD2d 628, 629). Accordingly, the defendant's motion to set aside the prenuptial agreement should have been granted and the plaintiff's cross motion for summary judgment should have been denied.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court