Cohen v Cohen (2019 NY Slip Op 02059)





Cohen v Cohen


2019 NY Slip Op 02059


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2017-06077
 (Index No. 201481/12)

[*1]Michael A. Cohen, respondent,
v
Idit Cohen, appellant.


Meir Moza (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Richard L. Yellen & Associates, LLP, New York, NY (Brendan C. Kombol of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), dated May 19, 2017. The order, insofar as appealed from, denied those branches of the defendant's motion which were to vacate certain provisions of the parties' judgment of divorce and stipulation of settlement.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were divorced by judgment of divorce dated September 29, 2014. A stipulation of settlement incorporated but not merged into the judgment of divorce provided, in relevant part, that the plaintiff "may have an ownership interest" in real property located at 319 Serena Road in Hewlett (hereinafter the Hewlett property) "and that [the defendant] waives any right or interest thereto." By notice of motion dated January 13, 2017, the defendant moved, inter alia, to vacate so much of the judgment of divorce and stipulation of settlement as provided that she waived equitable distribution of the plaintiff's ownership interest in the Hewlett property on the ground that the plaintiff failed to disclose his ownership interest in that property prior to entry of the judgment of divorce. By order dated May 19, 2017, the Supreme Court denied the defendant's motion without a hearing. The defendant appeals from so much of the order as denied the aforementioned branches of her motion.
We agree with the Supreme Court's determination denying those branches of the defendant's motion which were to vacate so much of the judgment of divorce and stipulation of settlement as provided that she waived equitable distribution of the plaintiff's ownership interest in the Hewlett property. " Marital settlement agreements are judicially favored and are not to be easily set aside'" (Glover v Glover, 137 AD3d 745, 746, quoting Simkin v Blank, 19 NY3d 46, 52), and "a court may not impair a party's contractual rights under the agreement by modifying the judgment of divorce" (Lafferty v Lafferty, 256 AD2d 445, 446; see Rainbow v Swisher, 72 NY2d 106, 106). "[A] stipulation of settlement entered into by parties to a divorce proceeding that is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or [*2]unconscionability" (Sanfilippo v Sanfilippo, 137 AD3d 773, 774; see Christian v Christian, 42 NY2d 63, 72-73; Trimarco v Trimarco, 154 AD3d 792, 794; Karen E. v Yoram E., 144 AD3d 1081, 1081). "A stipulation . . . will not be vacated simply because a party, after the fact, believes that the agreement was improvident in some respect or that it constituted a bad bargain" (Turk v Turk, 276 AD2d 953, 955; see Brennan-Duffy v Duffy, 22 AD3d 699, 700). Here, the defendant's contention that the plaintiff failed to disclose his ownership interest in the Hewlett property prior to entry of the judgment of divorce is contradicted by the express terms of the stipulation of settlement, in which the defendant agreed to waive equitable distribution of the plaintiff's ownership interest in that property. However improvident the defendant may now view her decision to agree to those terms, she has failed to demonstrate that the stipulation of settlement, which was fair on its face, was the product of fraud or any other ground sufficient to set aside the stipulation (see Karen E. v Yoram E., 144 AD3d at 1081; Label v Label, 70 AD3d 898, 899-900; Brennan-Duffy v Duffy, 22 AD3d at 699).
The defendant's remaining contentions either need not be reached in light of our determination or are without merit.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court