DiPietro v Vatsky (2019 NY Slip Op 07989)





DiPietro v Vatsky


2019 NY Slip Op 07989


Decided on November 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2019

Acosta, P.J., Sweeny, Webber, Oing, JJ.


302742/17 -7515

[*1] Sylvia E. DiPietro, Plaintiff-Respondent,
v
Joel Vatsky, Defendant-Appellant.


Blank Rome LLP, New York (Caroline Krauss-Browne of counsel) and Crowell & Moring, New York (Michelle Ann Gitlitz of counsel), for appellant.
McNamee, Lochner, Titus & Williams, P.C., Albany (Bruce J. Wagner of counsel), for respondent.



Order, Supreme Court, New York County (Douglas E. Hoffman, J.), entered December 3, 2018, which, inter alia, granted plaintiff's motion for summary judgment dismissing defendant's affirmative defenses and counterclaims and for a declaration that the parties' prenuptial agreement and its amendments are valid and enforceable, unanimously affirmed, without costs.
Defendant husband's efforts to meet his "very high burden" for challenging the parties' prenuptial agreement fail (Anonymous v Anonymous, 123 AD3d 581, 582 [1st Dept 2014]). The parties, both educated and savvy professionals with significant assets of their own, were each represented by independent counsel, and entered into the prenuptial agreement after a period of negotiations several months before the marriage.
Contrary to defendant's contention, the record demonstrates that plaintiff adequately disclosed her finances. In fact, prior to executing the prenuptial agreement, the parties met with defendant's financial advisor to discuss their financial future together. In any event, plaintiff's alleged failure to disclose does not provide a ground to set aside the prenuptial agreement (see Gottlieb v Gottlieb, 138 AD3d 30, 38-39 [1st Dept 2016], lv dismissed 27 NY3d 1125 [2016]; Strong v Dubin, 48 AD3d 232, 233 [1st Dept 2008]), particularly, here, where defendant proceeded to execute the prenuptial agreement despite his claim that plaintiff refused to supply him with financial documents (see Matter of Fizzinoglia, 26 NY3d 1031, 1032 [2015]).
We also agree with the motion court that the prenuptial agreement and its amendments were not the product of overreaching. The prenuptial agreement, which included joint waivers of maintenance, the right to equitable distribution, and the right to election, was not so "manifestly unfair" as to warrant equity's intervention (see Gottlieb at 41-42). Although the transfer of defendant's house to plaintiff may not have been in his best financial interest, defendant's attorney made his objection to this provision abundantly clear. Defendant proceeded to execute the prenuptial agreement over his attorney's objection. Thus, even if, in retrospect, this specific provision was improvident or one-sided, it does not provide a ground to vitiate the prenuptial agreement (Christian v Christian, 42 NY2d 63, 72-73 [1977]; Barocas v Barocas, 94 AD3d 551, 551 [1st Dept 2012], appeal dismissed 19 NY3d 993 [2012]). Defendant's efforts to establish that the agreement was the product of duress are not persuasive (see Cohen v Cohen, 93 AD3d [*2]506 [1st Dept 2012], lv denied 24 NY3d 909 [2014]).
We have considered defendant's remaining contentions and find them unavailing.
M-7515 - DiPietro v Vatsky
Motion to enlarge record on appeal
denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 7, 2019
CLERK