Cilento v Cilento (2020 NY Slip Op 04453)





Cilento v Cilento


2020 NY Slip Op 04453


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-00340
 (Index No. 54807/18)

[*1]Pina Laura Cilento, respondent,
v
Pietro Cilento, appellant.


Mark Krassner, New York, NY, for appellant.
Neveen M. Nesheiwat, Yonkers, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Westchester County (Gretchen Walsh, J.), dated December 10, 2018. The order denied the defendant's motion to set aside a stipulation of settlement dated August 15, 2017.
ORDERED that the order is affirmed, with costs.
The parties were married on January 20, 1996. In April 2018, the plaintiff commenced this action for a divorce and ancillary relief seeking, inter alia, to incorporate a stipulation of settlement that the parties had entered into in August 2017 (hereinafter the stipulation) into the judgment of divorce. The defendant then moved to vacate the stipulation on the ground that it was unconscionable. The Supreme Court denied the defendant's motion, and he appeals.
As is relevant to the appeal, in or around July 2017, the plaintiff commenced a proceeding against the defendant in the Family Court, Westchester County, and the defendant retained an attorney for that proceeding. According to an affidavit submitted by the defendant in connection with his motion to vacate the stipulation, the attorney who the defendant retained in connection with the Family Court proceeding was also the mediator the parties thereafter selected to assist them in formulating the terms of the stipulation. According to the defendant, he retained that attorney in the Family Court proceeding—and had also previously retained the same attorney in the past—because the attorney speaks Italian and Italian is the defendant's primary language. The defendant averred that the attorney read and explained to him in Italian the meaning of certain legal documents that the defendant had received in connection with Family Court proceeding. The defendant also averred that the attorney accompanied him to the Family Court on a scheduled court date but the matter did not go forward. Thereafter, according to the defendant, the parties used the attorney as a neutral mediator in an effort to resolve disputes between them regarding the marriage. According to the defendant, the parties met with the attorney on two occasions; the first time in excess of one hour to discuss terms of a settlement between them, and the second time on August 15, 2017, for approximately an hour to review a draft of the stipulation. The parties then executed the stipulation during that second meeting and the defendant paid the attorney for both sessions.
Pursuant to the parties' stipulation, inter alia, the defendant agreed to pay the plaintiff $4,000 a month for child support until the emancipation of the youngest of their three children, who [*2]was 12 at the time. The parties also agreed that the defendant would have the right to full and unencumbered use of the marital home until the home was sold, and that he would be responsible for all attendant carrying costs of the home and would indemnify the plaintiff in the event of a mortgage foreclosure. The parties agreed that they would continue to jointly own the marital residence and that any decision, inter alia, to rent or sell was subject to the consent of both parties. The parties agreed to waive maintenance, agreed that their separately owned businesses were not subject to distribution, and agreed that the plaintiff would continue to maintain comprehensive health insurance for the parties' children.
Under the circumstances of this case, we agree with the Supreme Court's determination denying the defendant's motion to vacate the stipulation. "Stipulations of settlement are favored by the courts and are not lightly set aside" (Campione v Alberti, 98 AD3d 706, 706 [internal quotation marks omitted]; see Hallock v State of New York, 64 NY2d 224, 230). A stipulation between spouses "which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability" (Label v Label, 70 AD3d 898, 899).
In order to find a marital contract unconscionable, two elements must be shown: procedural unconscionability, which requires "[a] lack of meaningful choice" on the part of one of the parties, and substantive unconscionability, which requires contract terms which are "unreasonably favorable" to the other party (Gilman v Chase Manhattan Bank, 73 NY2d 1, 10-12).
Here, the defendant failed to establish that the stipulation was procedurally unconscionable. The stipulation was the product of a mediation conducted by an attorney who had represented the defendant on past occasions—specifically, according to the defendant, when he needed an accurate translation and understanding of legal documents. The defendant also noted in his affidavit that the parties met on two occasions with the attorney as a mediator before they entered into the stipulation. Moreover, the stipulation had governed the parties' rights and obligations for more than eight months before the defendant moved to vacate it. Indeed, the defendant's contention that he signed the stipulation without fully understanding its terms is wholly inconsistent with his contention that the reason he had retained the attorney (who served as the mediator) in the past was because he had used the attorney to explain and translate legal documents. Thus, we agree with the Supreme Court's determination that the stipulation at issue was not procedurally unconscionable.
The defendant also failed to show that the stipulation was substantively unconscionable. Each party relinquished significant rights under the terms of the stipulation, including maintenance and any equity interest in each other's businesses; the defendant agreed to remain in the marital residence and assume the carrying costs; and the plaintiff received primary physical custody of the three children and remains responsible for maintaining comprehensive health care for the children. Among other things, the stipulation also sets the defendant's annual income at $90,000 and makes him responsible for child support in the amount of $4,000 a month until their youngest child reaches emancipation, as defined in the stipulation. Since the defendant failed to demonstrate that the stipulation is unconscionable (see Sanfilippo v Sanfilippo, 137 AD3d 773, 774; Cosh v Cosh, 45 AD3d 798, 800), it will not be set aside simply because the defendant, in retrospect, may view some of its provisions as improvident or one-sided (see Label v Label, 70 AD3d at 899; O'Lear v O'Lear, 235 AD2d 466, 466).
The parties' remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court