Bohner v Bohner (2020 NY Slip Op 05027)





Bohner v Bohner


2020 NY Slip Op 05027


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-11669
2016-11670
 (Index No. 37713/11)

[*1]Ellen Bohner, appellant,
v
Richard Bohner, Jr., respondent.


Petroske Riezenman & Meyers, P.C., Hauppauge, NY (Clifford J. Petroske and Michael W. Meyers of counsel), for appellant.
Quatela Chimeri, PLLC, Hauppauge, NY (John J. Fellin of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (John Iliou, J.), dated September 21, 2016, and (2) stated portions of a judgment of divorce of the same court entered October 6, 2016. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to vacate the parties' stipulation of settlement, for certain pendente lite relief, and pursuant to Domestic Relations Law § 237 and 22 NYCRR 130-1.1 for an award of attorney's fees. The judgment of divorce, upon an order of the same court dated March 31, 2016, granting the defendant's motion for summary judgment on his counterclaim for divorce, inter alia, directed the payment of maintenance and child support in accordance with the parties' stipulation of settlement.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of divorce is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of divorce in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of divorce (see CPLR 5501[a][1]).
The parties were married in 1994 and have one child. In 2011, the plaintiff commenced this action for a divorce and ancillary relief, and, in 2015, the parties entered into a stipulation of settlement. In 2016, the plaintiff moved, among other things, to set aside the stipulation of settlement as the product of fraud and overreaching and as unconscionable. The Supreme Court denied the motion and entered a judgment of divorce which incorporated but did not merge the stipulation of settlement. The plaintiff appeals.
"Marital settlement agreements are judicially favored and are not to be easily set aside" (Simkin v Blank, 19 NY3d 46, 52). "'A separation agreement or stipulation of settlement which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability'" (Kabir v Kabir, 85 AD3d 1127, 1127, quoting Linder v Linder, 297 AD2d 710, 711).
Here, we agree with the Supreme Court's determination to deny that branch of the plaintiff's motion which was to vacate the stipulation of settlement. The plaintiff failed to establish that the stipulation of settlement was procured by fraud, duress, or overreaching, or that its terms were unconscionable (see Sanfilippo v Sanfilippo, 137 AD3d 773; Glover v Glover, 137 AD3d 745; O'Hanlon v O'Hanlon, 114 AD3d 915).
The plaintiff's remaining contentions are without merit.
AUSTIN, J.P., MALTESE, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court