Vella v Vella (2023 NY Slip Op 00557)

Vella v Vella

2023 NY Slip Op 00557

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

841 CA 22-00024

[*1]FRANK A. VELLA, PLAINTIFF-APPELLANT,
v
IRYNA M. VELLA, DEFENDANT-RESPONDENT. (APPEAL NO. 3.) 

KELLY WHITE DONOFRIO LLP, ROCHESTER (DONALD A. WHITE OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
MARILYN J. PALUMBO, ROCHESTER, FOR DEFENDANT-RESPONDENT.

 Appeal from an amended judgment of the Supreme Court, Monroe County (Sam L. Valleriani, J.), entered December 29, 2021 in a divorce action. The amended judgment, inter alia, incorporated by reference the parties' prenuptial agreement. 
It is hereby ORDERED that the amended judgment so appealed from is unanimously affirmed without costs.
Memorandum: The parties were married on December 31, 2008. Defendant had come to the United States on a 90-day fiancée visa, which was about to expire. Plaintiff asked defendant to sign a prenuptial agreement that had been drafted by his attorney, and the parties executed that agreement two days prior to the marriage. Among other things, the prenuptial agreement contained, as relevant here, an escalator clause that detailed the assets that plaintiff would be required to transfer to defendant "[i]n the event the impending marriage between the parties is annulled, terminated or dissolved subsequent to the tenth anniversary of the parties' marriage." In May 2018, plaintiff commenced this action for a divorce. At trial, on the issue of equitable distribution, defendant argued that the terms of the prenuptial agreement—particularly the escalator clause governing a 10-year marriage—should determine Supreme Court's distribution of the parties' assets. In contrast, plaintiff argued that the prenuptial agreement was unenforceable. In appeal No. 1, plaintiff appeals from the judgment of divorce that, inter alia, incorporated by reference the prenuptial agreement and distributed the parties' assets accordingly. In appeal No. 2, he appeals from an order that granted defendant's application for attorney's fees. In appeal No. 3, he appeals from an amended judgment of divorce that, inter alia, incorporated by reference the prenuptial agreement and distributed the parties' assets accordingly.
At the outset, we note that the judgment of divorce in appeal No. 1 was superseded by the amended judgment of divorce in appeal No. 3 and we must therefore dismiss appeal No. 1 (see Matter of Eric D. [appeal No. 1], 162 AD2d 1051, 1051 [4th Dept 1990]; see also NHJB, Inc. v Utica First Ins. Co. [appeal No. 4], 187 AD3d 1498, 1500 [4th Dept 2020]; Stuart v Stuart, 155 AD3d 1371, 1372 n 1 [3d Dept 2017]). We must also dismiss appeal No. 2 because the right of direct appeal from the order in appeal No. 2 terminated with the entry of the amended judgment of divorce in appeal No. 3 (see Matter of Aho, 39 NY2d 241, 248 [1976]). The appeal from the amended judgment of divorce in appeal No. 3 brings up for review the propriety of the order in appeal No. 2 (see CPLR 5501 [a] [1]; Bohner v Bohner, 186 AD3d 1481, 1481-1482 [2d Dept 2020]).
In appeal No. 3, plaintiff contends that the prenuptial agreement is not enforceable because it is ambiguous. We reject that contention. "It is well settled that duly executed prenuptial agreements are generally valid and enforceable given the 'strong public policy [*2]favoring individuals ordering and deciding their own interests through contractual arrangements' " (Van Kipnis v Van Kipnis, 11 NY3d 573, 577 [2008]; see Bloomfield v Bloomfield, 97 NY2d 188, 193 [2001]; Caricati v Caricati, 181 AD3d 1279, 1280 [4th Dept 2020]). "As with all contracts, prenuptial agreements are construed in accord with the parties' intent, which is generally gleaned from what is expressed in their writing. Consequently, 'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (Van Kipnis, 11 NY3d at 577, quoting Greenfield v Philles Records, 98 NY2d 562, 569 [2002]).
"Whether an agreement is ambiguous is a question of law for the courts . . . Ambiguity is determined by looking within the four corners of the documents, not to outside sources" (Kass v Kass, 91 NY2d 554, 566 [1998]). "A contract is unambiguous if the language it uses has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion' " (Smith v Smith, 66 AD3d 584, 584-585 [1st Dept 2009], quoting Breed v Insurance Co. of N. Am., 46 NY2d 351, 355 [1978], rearg denied 46 NY2d 940 [1979]).
Here, the prenuptial agreement stated, in relevant part, that "in the event [the parties' marriage] is annulled, terminated or dissolved subsequent to the tenth anniversary," plaintiff would be required to, inter alia, pay defendant $50,000 "within 30 days following the entry of the office of the clerk of the Court of competent jurisdiction granting the decree of Divorce, Judgment of Separation, Annulment or dissolution of a void marriage." Under the circumstances of this case, that plain language of the agreement is susceptible to no other interpretation than that, for purposes of the escalator clause, the length of the marriage is measured from the date of the parties' marriage until the entry of the judgment of divorce. In particular, the parties' use of precise, well-defined legal terms, including the words "annulled" and "dissolved," supports that conclusion (see generally Domestic Relations Law §§ 140, 170, 220). Indeed, of particular relevance here, in an action for divorce a marriage is not dissolved until entry of the judgment of divorce (see generally § 170).
We reject plaintiff's contention that using the date of the divorce judgment to determine the end of the marriage renders the escalator clause indefinite or lacking reasonable certainty. On the contrary, using the entry date of the judgment of divorce as the date that a marriage ends provides a straightforward mechanism to determine the length of the marriage. Because the prenuptial agreement's escalator clause is not ambiguous, the court properly determined that the parties' marriage would end "subsequent to the tenth anniversary" inasmuch as the judgment of divorce would be entered after the tenth anniversary. Consequently, the court properly distributed to defendant certain of plaintiff's assets, as directed by the escalator clause (see generally Bennett v Bennett, 103 AD3d 825, 826 [2d Dept 2013]).
We further reject plaintiff's contention that the court abused its discretion in awarding attorney's fees to defendant. "An award of an attorney's fee pursuant to Domestic Relations Law § 237 (a) is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case" (Grant v Grant, 71 AD3d 634, 634-635 [2d Dept 2010] [internal quotation marks omitted]; see Dechow v Dechow, 161 AD3d 1584, 1585 [4th Dept 2018]). Here, the court properly considered the circumstances of this case, including the parties' relative financial circumstances and the merits of their positions during trial, and we conclude that the award is reasonable. In particular, we conclude that the court did not abuse its discretion in imputing income to plaintiff based upon the financial assistance he received from his son (see generally Matter of Ralph D. v Courtney R., 123 AD3d 635, 635 [1st Dept 2014]; Nederlander v Nederlander, 102 AD3d 416, 417-418 [1st Dept 2013]). Finally, plaintiff's contention that the prenuptial agreement barred the award of attorney's fees to defendant is raised for the first time on appeal and therefore is not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court