Khitri v Aaglane-Khitri (2026 NY Slip Op 01778)

Khitri v Aaglane-Khitri

2026 NY Slip Op 01778

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2022-06254
 (Index No. 1777/14)

[*1]Shailender Khitri, respondent, 
vJamila Aaglane-Khitri, appellant.

McCallion & Associates LLP, New York, NY (Kenneth F. McCallion of counsel), for appellant.
Khine Zin Aung, Jackson Heights, NY, for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Jodi Orlow, J.), entered July 21, 2022. The order, insofar as appealed from, denied those branches of the defendant's motion which were to vacate the parties' settlement agreement and to restore the action to the active calendar.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married in July 2003. In February 2014, the plaintiff commenced this action for a divorce and ancillary relief. In February 2016, the parties entered into a settlement agreement in open court (hereinafter the settlement agreement). A judgment of divorce was not entered, and the action was subsequently marked off the calendar as "abandoned." Thereafter, the defendant moved, inter alia, to vacate the settlement agreement and to restore the action to the active calendar. The plaintiff opposed the motion. In an order entered July 21, 2022, the Supreme Court, among other things, denied those branches of the defendant's motion. The defendant appeals.
"Stipulations of settlement, especially open court stipulations, are favored by the courts and not lightly cast aside" (Posner v Posner, 163 AD3d 1016, 1018; see Weitz v Weitz, 227 AD3d 1124, 1125). "Where an open-court stipulation of settlement contains all of the material terms of an enforceable agreement, it will be enforced absent a showing of grounds sufficient to invalidate a contract, such as fraud, duress, overreaching, or mistake" (Pascual v Rustic Woods Homeowners Assn., Inc., 230 AD3d 1248, 1250; see Weitz v Weitz, 227 AD3d at 1125).
Here, the record demonstrates that the parties validly entered into a settlement agreement in open court, which included all of the material terms of the agreement (see Pascual v Rustic Woods Homeowners Assn., Inc., 230 AD3d at 1250; Tavolacci v Tavolacci, 114 AD3d 759, 760). The defendant failed to establish that the settlement agreement should be set aside on the basis of fraud, duress, overreaching, or mistake (see Pascual v Rustic Woods Homeowners Assn., Inc., 230 AD3d at 1250; Bohner v Bohner, 186 AD3d 1481, 1482).
Further, contrary to the defendant's contention, she failed to established that the settlement agreement should be vacated based on ineffective assistance of counsel. "[I]n the context [*2]of civil litigation, an attorney's errors or omissions are binding on the client and, absent extraordinary circumstances, a claim of ineffective assistance of counsel will not be entertained" (Karen E. v Yoram E., 144 AD3d 1081, 1082 [internal quotation marks omitted]; see New Penn Fin., LLC v Rubin, 207 AD3d 730, 732). The defendant failed to demonstrate the existence of any extraordinary circumstances that would warrant setting aside the settlement agreement on the basis of ineffective assistance of counsel (see Karen E. v Yoram E., 144 AD3d at 1082).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were to vacate the settlement agreement and to restore the action to the active calendar.
BARROS, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court