■ In the Matter of EVELYN P., Respondent. AGNES M. MILLMAN, Conservatee, et al., Appellants.—In a proceeding pursuant to Mental Hygiene Law article 77 for the appointment of a conservator, the conservatee and conservator appeal from an order of the Supreme Court, Westchester County (Cerrato, J.), entered July 16, 1987, which denied their motion to vacate or, in the alternative, to resettle an order of the same court dated May 14, 1987, which, *inter alia,* appointed a conservator.

Ordered that the order entered July 16, 1987, is modified by granting that branch of the motion which sought to resettle the order dated May 14, 1987, by including a provision requiring that the record of this proceeding be sealed and by directing a hearing on that branch of the motion which sought to amend the same order to include a provision for payment of a monthly allowance to the conservatee. As so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to Supreme Court, Westchester County, for further proceedings consistent herewith.

The order appointing a conservator in this proceeding was based on a stipulation between the parties. We agree with the appellants that the order should have included a provision requiring that the records of the proceeding be sealed since that was one of the grounds for the conservatee's consent to the appointment of a conservator.

The stipulation did not include a provision for the payment of a monthly allowance to the conservatee. In response to the appellants' motion to modify the order to include an allowance, the petitioner P. did not oppose payments but contended that the amount sought was excessive. The court erred in determining that the decision to provide an allowance was a matter left solely to the conservator's discretion. Under Mental Hygiene Law § 77.23, the court must determine the

amount of the allowance which would be in the best interests of the conservatee. Accordingly, the matter is remitted for a hearing and determination of this issue.

We reject the appellants' contention that certain other portions of the order should be vacated. The order includes the duties imposed on the conservator by statute (Mental Hygiene Law § 77.29) and incorporates the terms of the stipulation entered into in open court. Such a stipulation is binding absent fraud, collusion, mistake, accident or some other ground of a similar nature (see, e.g., Bauer v Lygren, 113 AD2d 913). The appellants' contention that they did not understand that the terms of the stipulation would be "so ordered" is not persuasive. The provision in the order which requires the conservator to provide home care for the conservatee "at times needed" is within the court's authority under Mental Hygiene Law § 77.19 to set forth a plan for the provision of necessary personal and social protective services to the conservatee. Mollen, P. J., Lawrence, Kunzeman and Harwood, JJ., concur.