■ HARRY GREENBERG, Appellant, v BONNIE GREENBERG, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals (1) from so much of an order of the Supreme Court, Suffolk County (Hurley, J.), entered January 7, 1988, as granted that branch of the defendant wife's motion which was to compel the sale of a portion of the appellant's stamp and coin collection, (2) as limited by his brief, from so much of an order of the same court, entered June 30, 1988, as denied that branch of his motion which was for vacatur of a stipulation made on the record on January 21, 1988, and granted that branch of the defendant's cross motion which was for leave to apply toward court-ordered support payments and repair or replacement of the family automobile funds received by the defendant's attorney from the Suffolk County Sheriff in excess of the amount of a money judgment executed by the Sheriff; and (3) as limited by his brief, from so much of an order of the same court, entered July 13, 1988, as, upon the parties' stipulation dated January 21, 1988, directed the plaintiff to deliver $10,000 to his attorneys for disbursement in a specified manner.

Ordered that the appeal from the order entered January 7, 1988 is dismissed as academic, without costs or disbursements, as the portion of that order from which the plaintiff appeals was vacated in the order entered July 13, 1988; and it is further,

Ordered that the appeal from the order entered July 13, 1988 is dismissed, without costs or disbursements, as no appeal lies from an order entered upon the stipulation of the appellant (CPLR 5511; *cf., McDermott v McDermott,* 69 NY2d 1028); and it is further,

Ordered that the order entered June 30, 1988 is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff has failed to demonstrate that the attorney who appeared on his behalf *(see,* 22 NYCRR 202.26 [e]) acted without authority on January 21, 1988 when she assented to the stipulation made on the record *(see,* CPLR 2104). Since the plaintiff failed to demonstrate the existence of any other basis for setting aside the stipulation *(see, Hallock v State of New York,* 64 NY2d 224), the Supreme Court properly denied that branch of his motion which was for its vacatur. Moreover, by the terms of the stipulation, the plaintiff was to transmit money to the defendant's attorneys, *inter alia,* to be utilized to satisfy a money judgment entered in the defendant's favor, and to discharge certain support obligations. Since the plaintiff failed to honor his obligations under the stipulation, we see no basis for disturbing the Supreme Court's exercise of discretion when it authorized the defendant's attorney to release to the defendant funds obtained from the Suffolk County Sheriff in excess of a money judgment executed by the Sheriff.

We have considered the plaintiff's remaining contentions and find them to be without merit. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.