■ Lynn Weiss, Individually and as Administratrix of the Estate of William G. Weiss, Deceased, Appellant, v 103 Central Park West Corp., Defendant and Third-Party Plaintiff-Respondent. A Best Contracting Company, Inc., Third-Party Defendant-Respondent.—In an action, *inter alia,* to recover damages for wrongful death and conscious pain and suffering based upon negligence and violations of the Labor Law, the plaintiff appeals from an order of the Supreme Court, Nassau County (Oppido, J.), dated October 6, 1987, which denied her motion to vacate a stipulation of settlement.

Ordered that the order is affirmed, with costs.

It is well settled that stipulations of settlement meet with judicial favor, especially where, as here, the terms are read into the record in open court and the party seeking to vacate the stipulation was represented by counsel (*see, Hallock v State of New York,* 64 NY2d 224, 230-231; *Ianielli v North Riv. Ins. Co.,* 119 AD2d 317, 321). We are convinced that the

plaintiff's allegations constitute an insufficient basis upon which to vacate the stipulation of settlement in this action since it is clear that both her attorney and the court participated in the settlement negotiations for days *(see, Perone v Nicklas,* 99 AD2d 484, 486, *lv dismissed* 64 NY2d 646, *rearg denied* 64 NY2d 1041; *Matter of Finkelstein,* 1 Misc 2d 1067, 1069, *lv dismissed* 6 AD2d 1055).

We have considered the plaintiff's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Eiber and Spatt, JJ., concur.