■ In the Matter of BESSIE KAPLAN, Deceased. RUDOLPH M. KLENOSKY, Appellant; PATRICIA MADSEN, Respondent.—In a contested probate proceeding, the executor appeals from an order of the Surrogate's Court, Kings County (Bloom, S.), dated February 8, 1988, which denied his motion to set aside a stipulation of settlement and which granted the objectant's cross motion for leave to enter a money judgment in the principal sum of $20,000.

Ordered that the order is affirmed, with costs payable by the appellant personally.

On October 27, 1987, a stipulation of settlement was entered into between the executor and the objectant daughter of the decedent. The parties agreed, in open court, that the objectant would withdraw all of her objections to the probate of the will of Bessie Kaplan, deceased, with prejudice, and that the executor would pay her the sum of $20,000 with interest from October 27, 1987. It was further stipulated that, if the entire settlement sum was not paid on or before September 30, 1988, a judgment for the unpaid balance plus interest could be entered against the executor without further application or notice to the court. In that event, a mortgage and note on real

property owned by the executor personally could be "entered" to secure payment. The stipulation further provided that, if the payment were not timely made, the objections to probate could be reinstated and the matter could proceed to trial.

It is well settled that a stipulation of settlement made in open court is binding upon the parties thereto, absent fraud, collusion, mistake or accident or other grounds of a similar nature *(see, Hallock v State of New York,* 64 NY2d 224; *Matter of Evelyn P.,* 135 AD2d 716; *Bauer v Lygren,* 113 AD2d 913). In the instant matter, the executor has failed to establish that he, a practicing attorney for about 29 years, was unable to understand the clear and distinct terms of the stipulation. Indeed, a review of the record clearly reflects that the executor understood the terms and agreed to them. There is no evidence to support the executor's contention that the Surrogate's Chief Law Assistant and the objectant coerced him into entering into the stipulation. We find absolutely no evidence of fraud, mistake or collusion in the execution of the stipulation. Lawrence, J. P., Kunzeman, Rubin and Kooper, JJ., concur.