■ BETH E. ZWIRN, Appellant, v ROBERT I. ZWIRN, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals (1), as limited by her brief, from so much of a judgment of the Supreme Court, Richmond County (Ra-

din, J.H.O.), dated August 8, 1988, as granted ancillary relief in accordance with the terms of a stipulation of settlement dated June 15, 1988, and (2) from an order of the same court, dated August 25, 1988, which denied the plaintiff's motion for reargument of her motion to set aside the stipulation of settlement. The appeal from the judgment brings up for review a ruling denying the plaintiff's motion to vacate the stipulation of settlement.

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the defendant is awarded one bill of costs.

"It is well settled that stipulations of settlement meet with judicial favor, especially where, as here, the terms are read into the record in open court and the party seeking to vacate the stipulation was represented by competent counsel. * * * Absent a showing that the stipulation was the product of fraud, overreaching, mistake or duress, such a stipulation will not be disturbed by the court" *(Bossom v Bossom,* 141 AD2d 794, 795).

Based upon our review of the record, we conclude that the plaintiff's allegations constitute an insufficient basis on which to vacate the stipulation of settlement in this action *(cf., Polito v Polito,* 121 AD2d 614). We note that at the time of the stipulation, the plaintiff, who was capably represented by competent counsel, was repeatedly and painstakingly questioned by the Judicial Hearing Officer as to her willingness to enter into the stipulation. It would appear from the record that the plaintiff merely has had a change of heart. Rubin, J. P., Sullivan, Harwood and Balletta, JJ., concur.