■ LADY SWANSON et al., Respondents-Appellants, v ADA BRYANT, Appellant-Respondent.—In an action to set aside a deed and declare a constructive trust, the defendant appeals from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated June 29, 1988, as denied her motion to vacate a stipulation of settlement, dated March 7, 1986. The plaintiffs cross-appeal from so much of the same order as denied their cross motion, *inter alia,* to require the defendant to pay back rent due.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiffs owned a six-family dwelling in Brooklyn in which the defendant was a tenant. In March 1982, the plaintiffs allegedly experienced financial difficulty and sought financial assistance from the defendant. As a consequence, an agreement was reached whereby the defendant loaned the plaintiffs $2,000 in exchange for which she accepted a 50% interest in the premises as security for the loan. Subsequently, however, a dispute arose between the parties and in August 1983, the plaintiffs commenced the instant action to set aside the defendant's deed and to declare a constructive trust.

On March 7, 1986, the parties appeared before the Supreme Court, Kings County, and placed a stipulation of settlement on the record in open court. Pursuant to the agreement, the plaintiffs were to deliver a check in the sum of $9,000 to the defendant in return for which she was to execute and deliver to the plaintiffs a quitclaim deed conveying her interest in the premises to the plaintiffs. Significantly, the stipulation also provided that "[u]pon the execution of the deed, [the defendant] will pay to [the plaintiffs] rent as determined by The Department of Housing and Preservation Board as a statutory tenant" under the Rent Stabilization Code.

Apparently, delays were encountered in obtaining a determination of the statutory rent amount, during which time the defendant declined to pay rent. After further litigation, the defendant agreed to accept the $9,000 check and subsequently delivered to the plaintiffs a quitclaim deed. At approximately the same time, the parties allegedly agreed that the defendant would pay $250 per month in rent, to be held in escrow until such time as the proper statutory rent figure could be obtained. The plaintiffs concede, however, that this unwritten compromise with respect to the payment of rent into escrow was never reduced to a court order, despite the parties' apparent agreement that such an order would be submitted to the court. As a consequence, the defendant has declined to pay rent into escrow.

Almost 18 months after the stipulation had been executed, the defendant moved to set it aside, arguing, *inter alia,* that (1) her attorney "pressured" her to enter into the agreement and failed to explain its meaning to her; (2) she was under emotional distress at the time since her husband was ill; and (3) she did not understand that by accepting the $9,000 she would be relinquishing her status as an owner of the building.

The plaintiffs cross-moved, *inter alia*, for an order requiring the defendant to pay back rents. The Supreme Court denied the parties' motions. The court concluded that the defendant had failed to establish her entitlement to vacatur of the stipulation. The court further held that the stipulation required the defendant to pay rent as fixed by the Department of Housing, and that since the Department had not yet fixed the rental amount, no award of back rent could be made. We affirm.

Upon our review of the record, we conclude that the Supreme Court properly declined to set aside the parties' stipulation of settlement made in open court. As we have recently observed, " '[i]t is well settled that stipulations of settlement meet with judicial favor, especially where, as here, the terms are read into the record in open court and the party seeking to vacate the stipulation was represented by competent counsel' " *(Zwirn v Zwirn,* 153 AD2d 854, 855, quoting from *Bossom v Bossom,* 141 AD2d 794, 795; *see also, Hallock v State of New York,* 64 NY2d 224, 230; *Matter of Kaplan,* 150 AD2d 687, 688; *Weiss v 103 Cent. Park W. Corp.,* 150 AD2d 678, 679). Moreover, "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" *(Hallock v State of New York, supra,* at 230). No such cause exists here.

Significantly, at the time the instant stipulation was placed upon the record in open court the defendant was represented by competent counsel and specifically stated in response to the court's inquiries that she had discussed the settlement with her attorney and agreed to its terms. Further, the extensive negotiations which preceded the stipulation, the defendant's acceptance of a $9,000 settlement check, and her nearly 18-month delay in seeking vacatur of the stipulation undermine her present assertion that she misunderstood the implications of the agreement and was pressured by her attorney to enter into it *(cf., Matter of Kaplan, supra,* at 688).

Finally, contrary to the plaintiffs' contentions, the Supreme Court properly declined to award the plaintiffs back rent premised on the alleged agreement to pay rents into escrow. The plaintiffs concede that no such obligation exists under the stipulation, but argue that requiring the defendant to pay such rentals would accord with the "spirit" of the stipulation. We find otherwise. As the Supreme Court observed, the parties' stipulation specifically provides for the payment of rents only as prescribed by the Department of Housing, a determi-

nation which had not been made by that agency at the time the parties' motions were pending before the court. Accordingly, the plaintiffs were not entitled to an award of back rents. We note that, although dehors the record, the parties have informed this court that the Department of Housing has now formulated the monthly rental amount for the defendant's apartment. Since the regulated rent has now been set, the plaintiffs need not rely upon the alleged interim agreement to pay rent into escrow, inasmuch as the back rent due may now be computed in accordance with the terms of the stipulation itself. Mangano, P. J., Brown, Kooper and Harwood, JJ., concur.