◼ RICHARD GOTARD, Respondent, v ANN GOTARD, Appellant. —In a matrimonial action in which the parties were separated by a judgment entered June 2, 1988, in which a stipulation of settlement entered into between the parties was incorporated but not merged, the defendant wife appeals from an order of the Supreme Court, Queens County (Durante, J.), dated January 13, 1989, which denied her motion to vacate the stipulation of settlement.

Ordered that the order is affirmed, with costs.

On April 14, 1988, the parties appeared before the Supreme Court, Queens County, and placed a stipulation of settlement on the record in open court. Approximately four months later, the defendant moved to set aside the stipulation, arguing, *inter alia,* that (1) it was unfair, unconscionable and inadequate, (2) she was pressured into settlement by the court, and (3) her attorney was unable to confer adequately with her. The Supreme Court denied the defendant's motion, holding that she failed to establish her entitlement to vacatur of the stipulation.

Upon our review of the record, we conclude that the Supreme Court properly declined to set aside the stipulation of settlement. At the time the subject stipulation was placed upon the record in open court, the defendant, who was represented by competent counsel, specifically stated in response to the court's repeated inquiries, that she had discussed the settlement with her attorney and understood its terms. As we have recently observed, "[i]t is well settled that stipulations of settlement meet with judicial favor, especially where, as here, the terms are read into the record in open court and the party seeking to vacate the stipulation was represented by competent counsel" *(Bossom v Bossom,* 141 AD2d 794, 795; *see, Swanson v Bryant,* 160 AD2d 999; *see also, Hallock v State of New York,* 64 NY2d 224, 230; *Weiss v 103 Cent. Park W. Corp.,* 150 AD2d 678, 679). Moreover, "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" *(Hallock v State of New York, supra,* at 230). The defendant did not allege sufficient cause to set aside the stipulation of settlement.

The defendant's remaining contention refers to a matter dehors the record and therefore cannot be reviewed on this appeal. Mangano, P. J., Thompson, Lawrence and O'Brien, JJ., concur.