■ In the Matter of GIOVANNI GALBO, Respondent, v ANNA M. GALBO, Appellant. (Proceeding No. 1.) In the Matter of ANNA M. GALBO, Appellant, v GIOVANNI GALBO, Respondent. (Proceeding No. 2.)—In related proceedings pursuant to Family Court Act article 4, the mother appeals (1) in proceeding No. 1, as limited by her brief, from so much of an order of the Family Court, Westchester County (Lefkowitz, J.), dated April 13, 1989, as directed the father to pay her only $2,150 "in full satisfaction of the balance of child support arrears", and (2) in proceeding No. 2, from so much of an order of the same court, dated April 14, 1989, as denied that branch of her motion which was, in effect, to compel payment of child support for a three-week period commencing December 19, 1988.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

Since the parties entered into a stipulation, read into the record in open court, providing for the payment of $2,150 in settlement of child support arrears, the appellant's contention that she was nevertheless entitled to a larger sum was properly rejected by the Family Court. We note in this respect that the appellant was represented by counsel at the settlement conference, noted her assent to the terms of the stipulation

and, upon being questioned by her own attorney, expressed, in particular, her satisfaction with the $2,150 amount *(see, Swanson v Bryant,* 160 AD2d 999). Further, while the husband's attorney at the prestipulation conference mentioned that the amount of total arrears was $3,250, an amount slightly less than the total arrears as subsequently calculated by the Westchester County Child Support Collection Unit, there is nothing in the record which suggests that this small difference would have affected the parties' selection of the $2,150 settlement figure or that the parties contemplated a modification of that figure premised upon any subsequent calculation made by the Collection Unit.

Finally, the Family Court properly construed the stipulation as contemplating the payment of child support upon the resumption of the father's visitation, which was to occur in early January 1989. Lawrence, J. P., Kooper, Harwood and Balletta, JJ., concur.