■ In the Matter of RAYMOND A. GRUNTZ, Deceased. KENNETH GRUNTZ, Appellant; KEVIN GRUNTZ et al., Respondents. —In a contested probate proceeding, the executor appeals from an order of the Surrogate's Court, Queens County (Durante, S.), dated July 27, 1989, which denied his motion to enforce a stipulation of settlement and admit the will of Raymond Anthony Gruntz to probate.

Ordered that the order is reversed, with costs payable by the respondents personally, the motion is granted, and the matter is remitted to the Surrogate's Court, Queens County, for further proceedings consistent herewith.

On October 4, 1988, a stipulation of settlement was entered into between the appellant executor of the decedent's estate, and the widow and sons of the decedent, who had previously filed objections to probate. The stipulation, which was made in open court between the parties' attorneys, provided that the objectants would withdraw all objections to the probate of the decedent's will in exchange for the payment of $23,500 to the decedent's widow, Catherine Gruntz, and $1,000 to his oldest son, Raymond A. Gruntz, Jr. The decedent's widow and oldest son, who were present when the terms of the stipulation were read into the record, acknowledged their consent to the agreement. However, one of the decedent's sons who had not appeared in court on the day that the settlement was reached subsequently refused to sign the stipulation upon the ground that it failed to expressly provide for the payment of his $3,000 bequest under the will. The executor moved to enforce the stipulation, but the Surrogate denied the motion without explanation.

It is well settled that stipulations of settlement are judicially favored, and may not be lightly cast aside (see, Hallock v State of New York, 64 NY2d 224, 230; Matter of Galasso, 35 NY2d 319, 321). This is particularly true in the case of "open court" stipulations pursuant to CPLR 2104, where "strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process" (Hallock v State of New York, supra, at 230). Thus, only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation (see, Hallock v State of New York, supra; Matter of Frutiger, 29 NY2d 143, 149-150; Gotard v Gotard, 165 AD2d 824; Matter of Kaplan, 150 AD2d 687).

The objectants have failed to demonstrate that the attorney who represented them from the inception of this contested probate proceeding acted without authority when he assented to the stipulation made on the record (see, Hallock v State of New York, supra; Greenberg v Greenberg, 150 AD2d 429). Moreover, since the stipulation was made between counsel in open court, it was binding upon the objectant who was not present in court, even though he failed to sign the agreement

*(see,* CPLR 2104). Finally, we note that the stipulation of settlement was clear and definite, and that the postsettlement efforts of the objectants' attorney to include an additional, unnecessary provision in the agreement guaranteeing payment of the absent objectant's bequest did not render the stipulation unenforceable on the ground of mistake. Kooper, J. P., Eiber, Sullivan and Balletta, JJ., concur.