■ TADEUSZ POLAK, Respondent, v ZOFIA POLAK, Appellant. [741 NYS2d 263] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), dated March 22, 2001, as denied those branches of her cross motion which were to set aside the parties' stipula-

tion of settlement, or, in the alternative, to recover interest on money due her under the stipulation, and for an award of an attorney's fee, and granted the motion of the plaintiff husband, in effect, to excuse his untimely compliance with the stipulation.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof denying those branches of the cross motion which were to recover interest on money due under the stipulation and for an award of an attorney's fee and substituting therefor a provision granting those branches of the cross motion, and awarding the defendant interest at nine per centum per annum on the amount of $50,000 from January 17, 2001, until payment and an award of $1,500 for an attorney's fee; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Stipulations of settlement meet with judicial favor, especially where, as here, the terms are read into the record in open court in the presence of counsel (*see Gotard v Gotard,* 165 AD2d 824). Moreover, "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York,* 64 NY2d 224, 230). The defendant did not allege sufficient cause to set aside the stipulation of settlement.

However, in view of the plaintiff's refusal to pay the agreed upon amount of equitable distribution, $50,000, to the defendant, the defendant is entitled to interest at the legal rate on that sum from January 17, 2001, the date on which the plaintiff obtained his refinancing (*see* CPLR 5001 [a]).

Furthermore, under the circumstances of this case, the defendant was entitled to an award of an attorney's fee in the sum of $1,500. Florio, J.P., S. Miller, McGinity and Adams, JJ., concur.