■ ALBINA EMANVILOVA et al., Appellants, v JOSEPH PALLOTTA et al., Defendants. In the Matter of AMERICAN TRANSIT INSURANCE COMPANY, Petitioner, v ALBINA EMANVILOVA et al., Appellants, and ALLSTATE INSURANCE Co., Proposed Respondent, et al., Respondent. In the Matter of AMERICAN TRANSIT INSURANCE COMPANY, Petitioner, v JOSEPH PALLOTTA et al., Respondents, and ALLSTATE INSURANCE COMPANY, Proposed Respondent. [854 NYS2d 360]—

Pallotta and plaintiffs, his three fee-paying passengers, were injured in 1999 when their vehicle, insured by petitioner American Transit, was rear-ended by a vehicle driven by defendant Loktev and insured by proposed additional respondent Allstate. Allstate disclaimed coverage, which led to litigation over whether Loktev was an uninsured motorist. Initially, American Transit obtained an order permanently staying arbitration, after Allstate neglected to appear at a referee's hearing. That default was vacated and the matter placed back on the referee's calendar when Allstate convinced the court that it had a justifiable excuse and a meritorious defense, namely, Loktev's involvement in a pattern of questionable "accidents" that were really staged collisions. American Transit thereafter brought a second proceeding to stay the arbitration demanded by Pallotta, but this time plaintiffs were omitted as parties. That later petition was granted by Justice Leland DeGrasse on April 10, 2002, ruling that Allstate was not obligated to defendant Loktev. However, judgments called for in that ruling were never settled.

Meanwhile, in their civil action against Pallotta and Loktev, plaintiffs were awarded judgments after inquest by Justice Tingling on March 11, 2002. Allstate objected to any judgment imposing liability on it, in light of Justice DeGrasse's recent ruling. In an order entered July 2, 2003, Justice Tingling sua sponte vacated plaintiffs' judgments and set the matter down for a hearing. Plaintiffs filed a notice of appeal, but never perfected, and their appeal was subsequently dismissed by this Court in August 2004.

A prior dismissal for want of prosecution acts as a bar to a subsequent appeal as to all questions that would have been presented on the earlier unperfected appeal (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]). Plaintiffs seek to litigate the very same issues that would have been raised in the prior appeal, namely, the validity of Justice Tingling's order vacating the judgments purportedly on the basis of Justice DeGrasse's decision in the second stay proceeding (to which they had not been parties), including the effect of the insurance companies' failure to settle the April 10, 2002 order of Justice DeGrasse. Accordingly, their appeal from the order denying their motion to reinstate the March 11, 2002 judgment is hereby dismissed.

Moreover, plaintiffs cannot demonstrate their entitlement to insurance coverage from Allstate, Loktev's carrier. Even innocent victims are not entitled to coverage if their injuries were not caused by an "accident" within the meaning of the applicable insurance policy (*see Westchester Med. Ctr. v Travelers Prop. Cas. Ins. Co.*, 309 AD2d 927 [2003]).

The motion for sanctions against Allstate's attorneys was properly denied. It cannot be said, on this record, that the conduct of the attorney in question was frivolous, that his actions were unduly dilatory or that he failed in timely fashion to bring the existence of the parallel proceedings to the attention of the various courts. Concur—Mazzarelli, J.P., Andrias, Williams, Buckley and Acosta, JJ.