■ EMANUEL YERUSHALMI et al., Respondents, v ABED REALTY CORP. et al., Appellants. [872 NYS2d 89]—

Appeal from order, Supreme Court, Bronx County (Barry Salman, J.), entered July 2, 2008, to the extent it denied defendants' renewal motion to vacate an order, and order and judgment (one paper), same court (Dianne T. Renwick, J.), entered April 7, 2006 and on or about May 7, 2007, which respectively declared the fair market value of premises at 729-731 Bruckner Boulevard in the Bronx to be $2.5 million and directed defendants to deliver a deed for this property in exchange for said payment, unanimously dismissed, without costs. Appeal from the 2007 order and judgment (one paper), to the extent it denied defendants' motion to renew and reargue the 2006 order, unanimously dismissed, without costs.

With respect to the 2008 order, the issues raised on the motion were identical to those defendants raised in their notice of appeal from the 2006 order, which appeal was dismissed for failure to prosecute (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]). The court treated that motion as one for reargument, but even if it had been considered as one for renewal, it would properly have been denied because the new evidence upon which the motion was predicated—an appraisal in which the prospective lender valued the premises at $4,830,000 (more than 93% higher than the $2.5 million value set in the 2006 order)—was prepared on June 14, 2007, more than a year after the original motion was decided and more than two years

after the operative date in the lease, and thus was not "in existence [but] unknown" at the time of the original motion (*see Tishman Constr. Corp. of N.Y. v City of New York*, 280 AD2d 374, 376 [2001]). These new facts would not have changed the prior determination in any event (*see Peycke v Newport Media Acquisition II, Inc.*, 40 AD3d 722 [2007]).

With respect to the 2007 order and judgment, to the extent that appeal seeks review of earlier orders incorporating a ruling that declined to vacate a 2005 in-court stipulation, that disposition is not subject to challenge on appeal for the same reasons set forth above. This latest appeal seeks review of the same issues underlying the 2006 order, which appeal was dismissed for failure to prosecute (*see Emanvilova v Pallotta*, 49 AD3d 413, 414 [2008], *lv dismissed* 11 NY3d 826 [2008]). To the extent it seeks review of the denial of reargument of the 2006 order, it is not appealable (*see Salgado v Ring*, 21 AD3d 363 [2005]).

The March 7, 2005 in-court stipulation, by which defendants agreed to waive certain defaults of the lease by plaintiffs and permit the court to determine the fair market value of the premises, was binding and enforceable (*see Public Adm'r of County of N.Y. v Bankers Trust Co.*, 182 AD2d 592 [1992]). Justice Renwick recited the terms of the agreement, namely, that the court would determine the fair market value of the premises and defendants would waive any outstanding defaults under the lease so as to permit plaintiffs to exercise the option if they were able to meet the price as determined. Those terms were then recorded by the court stenographer and thereby memorialized in the official court record (*Sontag v Sontag*, 114 AD2d 892, 893 [1985], *lv dismissed* 66 NY2d 554 [1986]). Nor has there been any contention that the stipulation was a product of fraud, collusion, mistake or accident (*see Matter of Evelyn P. [Millman]*, 135 AD2d 716, 717 [1987]). Indeed, a principal of defendant corporation was present at all times (*see Hallock v State of New York*, 64 NY2d 224, 231-232 [1984]), and there is no indication that she misunderstood or objected to the proposed terms. Contrary to defendants' contention, there is no requirement that the court individually question the parties as to their understanding of the proposed terms of the stipulation for it to be binding.

In any event, we find no merit to defendants' argument that the court's determination of fair market value as of January 1, 2005 was erroneous or deprived them of their contractual right to make that determination. Justice Renwick construed her role in light of the 2005 stipulation as substituting her judgment for that of the landlord in determining the fair market value of the

premises as of January 1, 2005. In furtherance of this role, she heard the evidence offered by the appraisers from both sides and concluded that the comparable sales approach, which is the generally preferred method of valuation (*see Plaza Hotel Assoc. v Wellington Assoc.*, 37 NY2d 273, 277 [1975]), was more appropriate under the circumstances than the income approach proposed by defendants' appraiser. Using this approach, Justice Renwick analyzed the sales of various buildings in the area during approximately the same time period, and concluded that $2.5 million, which was the selling price of the most similarly situated, recently sold property, was the best approximation of the fair market value of the premises as of January 1, 2005. There is no reason to disturb this determination. Concur—Gonzalez, J.P., Buckley, Sweeny and Catterson, JJ.