Johnson v Ranger (2023 NY Slip Op 02650)

Johnson v Ranger

2023 NY Slip Op 02650

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2018-12987
 (Index No. 13107/13)

[*1]Everton Johnson, appellant,
v
Julie Ranger, respondent.

Amy S. Nord, Valley Stream, NY, for appellant.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Queens County (Margaret Parisi McGowan, J.), entered February 7, 2018. The judgment of divorce, insofar as appealed from, upon an order of the same court dated April 22, 2017, denying the plaintiff's motion to vacate the parties' stipulation of settlement, incorporated but did not merge the stipulation of settlement, and thereupon, inter alia, equitably distributed the marital property.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
In July 2013, the plaintiff commenced this action for a divorce and ancillary relief. On September 17, 2016, the parties, each represented by counsel, entered into a stipulation of settlement (hereinafter the stipulation), whereby, among other things, the plaintiff agreed to transfer his rights to the marital residence to the defendant and to pay any outstanding mortgage arrears prior to transfer. In January 2017, the plaintiff moved to vacate the stipulation, arguing, inter alia, that the stipulation was unconscionable and the product of coercion. In an order dated April 22, 2017, the Supreme Court denied the plaintiff's motion. On February 7, 2018, the court entered a judgment of divorce which, among other things, incorporated but did not merge the stipulation, and thereupon, inter alia, equitably distributed the marital property in accordance with the stipulation. The plaintiff appeals.
"Marital settlement agreements are judicially favored and are not to be easily set aside" (Simkin v Blank, 19 NY3d 46, 52). "'A separation agreement or stipulation of settlement which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability'" (Sabowitz v Sabowitz, 123 AD3d 794, 795, quoting Rubin v Rubin, 33 AD3d 983, 984 [internal quotation marks omitted]). "A party seeking to vacate a stipulation of settlement has the burden of showing that it resulted from duress, fraud, or overreaching, or that its terms were unconscionable" (Campione v Alberti, 98 AD3d 706, 706-707). "'A stipulation . . . will not be vacated simply because a party, after the fact, believes that the agreement was improvident in some respect or that it constituted a bad bargain'" (Cohen v Cohen, 170 AD3d 948, 949, quoting Turk v Turk, 276 AD2d 953, 955).
Contrary to the plaintiff's contention, he failed to establish that the stipulation was unconscionable. "An unconscionable bargain is one which no person in his or her senses and not [*2]under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense" (Morad v Morad, 27 AD3d 626, 627). "However, a stipulation of settlement is not unconscionable 'simply because it might have been improvident or one-sided'" (O'Hanlon v O'Hanlon, 114 AD3d 915, 916, quoting Label v Label, 70 AD3d 898, 900 [internal quotation marks omitted]). Here, the plaintiff failed to prove that the terms of the stipulation pertaining to equitable distribution were unconscionable, as the stipulation provided the plaintiff with meaningful bargained-for benefits, including the defendant's waiver of her entitlement to any portion of the plaintiff's pension (see Marinakis v Marinakis, 196 AD3d 472, 473-474; Morad v Morad, 27 AD3d at 627).
Furthermore, the plaintiff failed to establish that he entered into the stipulation due to duress or coercion. "Generally, a party seeking to void a stipulation on the grounds of duress must demonstrate that threats of an unlawful act compelled his or her performance of an act which he or she had the legal right to abstain from performing" (Vasileva v Christy, 195 AD3d 980, 982 [internal quotation marks omitted]). "[T]he threat must be such as to deprive the party of the exercise of free will" (Polito v Polito, 121 AD2d 614, 615). Here, the plaintiff's claim that he felt pressured to enter into the stipulation was insufficient to establish duress or coercion (see Stanecky v Stanecky, 200 AD3d 819, 820; Vasileva v Christy, 195 AD3d at 982; Morad v Morad, 27 AD3d at 627).
The plaintiff's remaining contentions are without merit.
CONNOLLY, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court