Riesenburger Props., LLLP v Pi Assoc., LLC (2024 NY Slip Op 01570)

Riesenburger Props., LLLP v Pi Assoc., LLC

2024 NY Slip Op 01570

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2021-07794 
2022-01127
 (Index No. 709221/14)

[*1]Riesenburger Properties, LLLP, respondent,
v
Pi Associates, LLC, et al., appellants, et al., defendant.

Kevin Kerveng Tung, P.C., Flushing, NY (Daniel Murphy of counsel), for appellants.
James R. Anderson, Harrison, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Pi Associates, LLC, James Pi, and 3909 Main Street, LLC, appeal from (1) an order of the Supreme Court, Queens County (Leonard Livote, J.), entered October 25, 2021, and (2) an amended judgment of the same court entered February 14, 2022. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 5015 to vacate a so-ordered stipulation entered November 21, 2019. The amended judgment is in favor of the plaintiff and against the defendants Pi Associates, LLC, and 3909 Main Street, LLC, in the principal sum of $511,840.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from the amended judgment is dismissed as abandoned; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2003, the plaintiff leased certain commercial property to the defendant Pi Associates, LLC (hereinafter Pi Associates). In 2011, Pi Associates assigned the lease to the defendant 3909 Main Street, LLC (hereinafter 3909 Main), and 3909 Main subleased the property to the defendant Carat & Co., Inc. (hereinafter Carat). On December 1, 2014, the plaintiff served notices of cancellation of the lease on Pi Associates, 3909 Main, and James Pi, a member of Pi Associates and 3909 Main (hereinafter collectively the defendants), based upon various alleged breaches of the terms of the lease agreement.
In December 2014, the plaintiff commenced this action against the defendants and Carat, inter alia, to recover damages for breach of contract. In a decision made after a nonjury trial, the Supreme Court determined, among other things, that the plaintiff was entitled to the value of the use and occupancy of the premises from December 1, 2014, the date of termination of the lease, through the date of the plaintiff's recovery of possession.
In a judgment dated November 28, 2018, and entered December 10, 2018, the [*2]Supreme Court, inter alia, (1) awarded the plaintiff the value of the use and occupancy of the premises after December 1, 2014, in an amount to be determined upon referral to a referee to hear and report and (2) awarded the plaintiff the principal sum of $2,351,865.69, representing a portion of the sublet rent received by Pi Associates for the period of August 1, 2011, through November 28, 2018, the date of the judgment. On a prior appeal, this Court determined, among other things, that the plaintiff was entitled to an award of sublet rent only from August 1, 2011, through November 30, 2014, and this Court modified the judgment to reduce the award of sublet rent from the principal sum of $2,351,865.69 to the principal sum of $511,840 and remitted the matter to the Supreme Court for a recalculation of interest on that award and the entry of an appropriate amended judgment thereafter (see Riesenburger Props., LLLP v Pi Assoc., LLC, 192 AD3d 835).
Pursuant to a so-ordered stipulation entered November 21, 2019, the parties agreed, inter alia, that the defendants would pay specified amounts for use and occupancy of the premises from December 2014. Thereafter, the defendants moved, among other things, pursuant to CPLR 5015 to vacate the stipulation. In an order entered October 25, 2021, the Supreme Court, inter alia, denied that branch of the defendants' motion. The defendants appeal from that portion of the order.
On February 14, 2022, the Supreme Court entered an amended judgment in accordance with this Court's determination on the prior appeal in favor of the plaintiff and against Pi Associates and 3909 Main in the principal sum of $511,840. The defendants also appeal from the amended judgment.
The appeal from the amended judgment must be dismissed as abandoned, since the defendants do not raise any argument in their brief with respect to the amended judgment, which pertained to an award of sublet rent from August 1, 2011, through November 30, 2014 (see Matter of Rocioppi v Eliseo, 193 AD3d 1055, 1056).
"Stipulations of settlement are judicially favored, will not lightly be set aside, and are to be enforced with rigor and without a searching examination into their substance as long as they are clear, final and the product of mutual accord" (Herz v Transamerica Life Ins. Co., 172 AD3d 1336, 1337 [internal quotation marks omitted]). "'A stipulation of settlement which is made in open court by parties who are represented by counsel and who unequivocally agree to its terms will not be set aside absent a showing that the stipulation was tainted by mistake, fraud, duress, overreaching or unconscionability'" (O'Hanlon v O'Hanlon, 114 AD3d 915, 915-916, quoting Libert v Libert, 78 AD3d 790, 791). "It is the party seeking to set aside the stipulation of settlement who has the burden of showing that the agreement was the result of fraud, duress, or overreaching, or that its terms were unconscionable" (Sweeney v Sweeney, 71 AD3d 989, 992).
Contrary to the defendants' contention, they failed to demonstrate that the stipulation should be set aside as unconscionable. "[A] stipulation of settlement is unconscionable if it 'is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense'" (O'Hanlon v O'Hanlon, 114 AD3d at 916, quoting Morad v Morad, 27 AD3d 626, 627). "However, a stipulation of settlement is not unconscionable simply because it might have been improvident or one-sided" (O'Hanlon v O'Hanlon, 114 AD3d at 916 [internal quotation marks omitted]; see Johnson v Ranger, 216 AD3d 925, 926). Here, the defendants failed to establish that the terms of the stipulation pertaining to amounts awarded for use and occupancy were unconscionable, as the stipulation provided the defendants with meaningful bargained-for benefits (see Johnson v Ranger, 216 AD3d at 926; O'Hanlon v O'Hanlon, 114 AD3d at 916). Specifically, the stipulation released the defendants from liability for Carat's continued use and occupancy of the premises in exchange for paying agreed-upon monthly amounts that were significantly below the fair market value of the premises from December 2014 through November 2019 as calculated by the plaintiff's appraiser.
Furthermore, the defendants failed to demonstrate that the attorney who represented them from the time of commencement of this action acted without authority when he assented to the stipulation made on the record (see Hallock v State of New York, 64 NY2d 224, 231; Matter of [*3]Gruntz, 168 AD2d 558, 559). Moreover, since the stipulation was made between the parties' counsel in open court, it was binding upon the defendants (see CPLR 2104; Matter of Gruntz, 168 AD2d at 559).
The defendants' remaining contention is without merit.
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 5015 to vacate the so-ordered stipulation.
MALTESE, J.P., CHRISTOPHER, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court