Botros v Botros (2024 NY Slip Op 06612)

Botros v Botros

2024 NY Slip Op 06612

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-02892 
2022-10341
 (Index No. 201075/19)

[*1]Nermeen Botros, respondent, 
v
Amgad Botros, appellant.

Amgad Botros, Roslyn, NY, appellant pro se.
Cobert, Haber & Haber, LLP, Garden City, NY (Amy Cobert Haber of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated October 19, 2021, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), dated April 4, 2022, and (2) an arrest warrant of the same court entered August 2, 2022. The order, insofar as appealed from, denied that branch of the defendant's motion which was to set aside the parties' stipulation dated February 5, 2021, which was incorporated but not merged into the judgment of divorce, and granted that branch of the plaintiff's motion which was to hold the defendant in civil contempt for failing to comply with certain provisions of the stipulation dated February 5, 2021.
ORDERED that the appeal from the arrest warrant is dismissed, as no appeal lies from an arrest warrant (see CPLR 5512[a]); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The parties were divorced by a judgment dated October 19, 2021. Pursuant to a stipulation dated February 5, 2021, which resolved all issues of support and equitable distribution and which was incorporated but not merged into the judgment of divorce, the defendant was to roll-over 100% of the total value of his SEP IRA account with Jackson National Life Insurance Co. (hereinafter Jackson National) into the plaintiff's designated retirement account and to direct the roll-over within five days of the plaintiff's designation of an account.
In August 2021, the defendant moved, inter alia, to set aside the stipulation. In December 2021, the plaintiff moved, among other things, to hold the defendant in civil contempt for failing to comply with the provisions of the stipulation pertaining to the roll-over of the defendant's SEP IRA account with Jackson National. In an order dated April 4, 2022, the Supreme Court, inter alia, denied that branch of the defendant's motion which was to set aside the stipulation and granted that branch of the plaintiff's motion which was to hold the defendant in civil contempt. The defendant appeals.
"Marital settlement agreements are judicially favored and are not to be easily set aside" (Simkin v Blan, 19 NY3d 46, 52; see Johnson v Ranger, 216 AD3d 925, 925). "A party seeking to vacate a stipulation of settlement has the burden of showing that it resulted from duress, fraud, or overreaching, or that its terms were unconscionable" (Johnson v Ranger, 216 AD3d at 925-926 [internal quotation marks omitted]). Contrary to the defendant's contention, he failed to establish that he entered into the stipulation due to duress or coercion, or that its terms were unconscionable (see id. at 926; Vasileva v Christy, 195 AD3d 980, 982; Cavalli v Cavalli, 226 AD2d 666, 667).
"A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court" (Matter of Marotta v Marotta, 218 AD3d 468, 469; see Penavic v Penavic, 109 AD3d 648, 649). "To prevail on a motion to hold a party in civil contempt pursuant to Judiciary Law § 753(A)(3), the movant is required to prove by clear and convincing evidence that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, that the order was disobeyed and the party disobeying the order had knowledge of its terms, and that the movant was prejudiced by the offending conduct" (Perrone v Perrone, 229 AD3d 816, 817; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29). Here, the stipulation unambiguously required the defendant to direct the roll-over of 100% of the total value of his SEP IRA account with Jackson National into the plaintiff's designated retirement account. Moreover, the record reflects that the defendant refused to sign a letter of instruction authorizing the transfer despite his awareness that Jackson National would not transfer the funds into the plaintiff's designated retirement account until the defendant signed the letter of instruction. Thus, the plaintiff made the requisite showing that the defendant knowingly disobeyed an unequivocal mandate of the Supreme Court and that the plaintiff was prejudiced by the defendant's conduct (see O'Malley v O'Malley, 229 AD3d 798, 801; Lombardi v Lombardi, 229 AD3d 537, 538). Accordingly, the court providently exercised its discretion in granting that branch of the plaintiff's motion which was to hold the defendant in civil contempt.
CHAMBERS, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court