## MCBP Holdings, LLC v Central Ave. Devs., LLC

### 2026 NY Slip Op 30677(U)

### February 19, 2026

### Supreme Court, Kings County

### Docket Number: Index No. 515710/2024

### Judge: Cenceria P. Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part Comm 2 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 19th day of February, 2026.

**P R E S E N T**:

HON. CENCERIA P. EDWARDS, CPA,

                                                                    Justice.

------------------------------------------------------------------------X

MCBP 451 HOLDINGS, LLC and MARCAL
CONTRACTING CO. LLC,

                                                            Plaintiff(s),

                        -against-

CENTRAL AVENUE DEVELOPERS, LLC, ABRAHAM
A. LESSER and MORRIS LOWY,

                                                            Defendant(s).

------------------------------------------------------------------------X

**ORDER**

Motion Calendar: 02/11/2026
Motion Cal. #(s):        2

Index #:  515710/2024
Mot. Seq. #(s):          6, 7, 8

The following e-filed papers read herein:                        NYSCEF Doc. Nos.:

Notice of Motion/Order to Show Cause/Petition/Cross-Motion and
Affidavits (Affirmations) and Exhibits _____161, 176, 177 200; 163-169; 196___
Opposing Affidavits (Affirmations) and Exhibits _____   170, 173; 203_____
Reply Affidavits (Affirmations) and Exhibits _____  174;

Plaintiffs MCBP 451 Holdings, LLC ("Plaintiff MCBP") and Marcal Contracting Co. LLC ("Plaintiff Marcal Contracting" all together "Plaintiffs") commenced this Commercial Division action against Defendants Central Avenue Developers, LLC ("Defendant CAD"), Abraham A. Lesser (also known as Abraham A. Leser), and Morris Lowy (all together "Defendants") to recover unpaid balances stemming from a real estate transaction regarding a property located at 118-126 Central Avenue, Staten Island, New York ("the Property") (*see* NYSCEF Doc. #1 ¶¶ 1-6).

Plaintiffs assert three causes of actions: (1) Plaintiff MCBP asserts Breach of the Implied Covenant of Good Faith and Fair Dealing against Defendant CAD, (2) Plaintiff MCBP asserts Enforcement of Guaranty against Leser and Lowy, and (3) Plaintiffs assert Breach of the Implied Covenant of Good Faith and Fair Dealing against Defendant CAD and Leser (*see id.*)

**Background**

On January 6, 2023, Plaintiff MCBP executed an Assignment Agreement with Defendant CAD (see NYSCEF Doc. 167).  Plaintiff MCBP Assigned its purchase rights to the Property to

[* 1]

CAD for a $2,750,000 Assignment Purchase Price (*see id.*). The Assignment Agreement contained strict "as is" and merger clauses with Section 6 of the agreement explicitly stating CAD inspected the premises, accepted the property without relying upon any representations from the assignor regarding physical conditions, and disclaimed reliance on any eternal statements (*see id* at ¶¶ 6).

At the February 27, 2023, closing, Defendant CAD lacked sufficient funds for the purchase. Plaintiff offered financial accommodations, and the parties executed a Promissory note that required Defendant CAD to pay Plaintiff MCBP $1,970,000 for prior work (*see* NYSCEF Doc. #72). The parties also excused an AIA Agreement and an omnibus Agreement that required Defendant CAD to pay Plaintiff Marcal Contracting Co a $1,500,000 "Environmental Fee" in exchange for a "clean site and a "shovel ready" site (*see* NYSCEF Doc. #71 at 3; *see* also NYSCEF Doc. #74 at 12). The contracts never guaranteed comprehensive environmental remediation at all soil depths, nor did the contracts represent that a complete remediation would cost exactly $1,500,000.

Plaintiff eventually initiated this lawsuit on June 6, 2024. All parties, the attorneys along with their clients appeared at an in-Court settlement conference before the undersigned on June 10, 2025, and following lengthy negotiations the parties freely executed a Stipulation of Settlement (*see* NYSCEF Doc. No. 136). Defendants agreed to pay a total of $2,331,000 to resolve the litigation with Defendants agreeing to pay $1,000,000 by July 10, 2025, $331,000 by October 10, 2025, $500,000 by February 10, 2026, and $500,000 by August 10, 2026. Defendants paid the first $1,000,000 installment but breached the agreement by failing to pay the $331,000 installment due on October 10, 2025, and no payments thereafter (*see id.*)

On October 24, 2025, Defendant Lesser filed an Order to Show Cause to vacate the settlement agreement (*see* NYSCEF Doc. #161). Defendants alleged that they discovered fraud while attempting to sell the property because a prospective buyer commissioned a Phase II Environmental Site Assessment that utilized a 2019 report (*see* NYSCEF Doc. #202 at ¶¶ 7). Allegedly, the prospective buyer generated a $13,295,630 Remediation Cost Estimate and Defendants claim this proves Plaintiff lied about the $1,500,000 environmental cleanup cost (*see* NYSCEF Doc. #203 at 4-5).

While Defendant's motion was pending, unbeknownst to Plaintiffs, Defendants CAD and Lesser finalized the property sale to FTK Holding Groups LLC for $11,110,000 on November 19, 2025, grossing a little more than four times its purchase price of $2,750,000 approximately two

2

[* 2]

years ago (*see* NYSCEF Doc. #176). Plaintiffs discovered this sale independently and filed an Order to Show Cause on January 16, 2026, to freeze the proceeds of the sale (*see* NYSCEF Doc. 196). Defendant Lesser in opposition to Plaintiff's Motion Sequence #7 claims he already dispersed the funds to various creditors and as such there are no sale proceeds to freeze (*see* NYSCEF Doc. #202 at ¶17).

**Parties' reliefs requested (motions) seeking this Court's determination.**

The parties have engaged in extensive motion practice and since November 2025 have filed three motions (motion sequences #6,7,8) and revived motion sequence #5 after Defendants breached their So Ordered Stipulation of Settlement.

**Motion Sequence #5**

Plaintiffs' motion sequence #5 was revived because Defendants breached the So Ordered Stipulation of Settlement whereby Defendants agreed to motion sequence #5 advancement to appoint a temporary administrator and enter a judgment enforcing the stipulation if Defendants failed to make payments (*see* NYSCEF Doc. No. 136). Defendants failed to make payments on the fully negotiated So Ordered Stipulation of Settlement and as such Plaintiff's motion sequence #5 is revived and granted in its entirety.

**Motion Sequence #6**

On or about November 3, 2025, Defendant Lesser filed an Order to Show Cause for a Preliminary Injunction and Vacatur of the So Ordered Settlement agreement they freely signed on June 20, 2025, after conferencing before this Court with their attorneys (*see* NYSCEF Doc. #161). Defendant Lesser seeks an Order enjoining Plaintiffs from executing the June 10, 2025, settlement, vacating the settlement entirely, reinstating the underlying litigation, and compelling Plaintiffs to return the $1,000,00 initial payment (*see id.*). Defendants failed to make payments on the fully negotiated So Ordered Stipulation of Settlement. Furthermore, Defendants failed to provide an excuse in law or equity as to why it discontinued its payments to Plaintiffs and as such Defendant's motion sequence #6 is denied in its entirety.

**Motion Sequence #7**

In opposition to Defendants motion sequence #6, Plaintiffs filed a Cross-Motion to enforce the Stipulation of Settlement and for Attorney Fees (*see* NYSCEF Doc. # 163). Plaintiffs further demanded an Order granting their prior motion (motion sequence #5), as agreed to in the So

3

[* 3]

Ordered Stipulation (*see* NYSCEF Doc. # 136), to appoint Joel Lowy as the temporary administrator for Morris Lowy, an Order directing the Clerk to enter a $1,331,000 judgment against all Defendants, and an Order awarding attorney fees (*see id*.) Plaintiff's motion sequence #7 is granted in its entirety.

### Motion Sequence #8

On January 16, 2026, Plaintiffs filed an Order to Show Cause for a Temporary Restraining Order and Asset Freeze (*see* NYSCEF Doc. #196) and an Order enjoining Defendants from transferring any portion of the $11,110,000 sale proceeds, requesting Defendants to pay monies into Court, and compelling Defendants to provide a comprehensive accounting of the funds (*see id*.). Plaintiff's motion sequence #7 is granted in its entirety.

### Discussion

To relieve a party from the binding consequences of a stipulation, the moving party must demonstrate cause sufficient to invalidate a standard contract, such as fraud, collusion, mistake, or accident *see* (*Young v. Young,* 178 AD3d 1124, 1125-26 [2d Dep't 2019]).

To establish fraud, the moving party must present clear and convincing evidence of a material representation or omission of (1) fact, (2) scienter, (3) intent to induce reliance, (4) justifiable reliance, (5) and damages *see* (*Centro Empresarial Cempresa S.A. v. America Movil, S.A.B. de C.V.,* 17 NY3d 269, 265 [2011]). In the context of commercial real estate transactions, the doctrine of caveat emptor applies. When sophisticated entities execute agreements containing comprehensive "as is" and merger clauses, the law imposes no duty on the seller to disclose information unless the seller engages in active concealment *see* (*4 Colonial Drive, LLC v. Suburban Consultants, Ltd.,* 242 Ad3d 1155, 1159 [2d Dep't 2025]).

Plaintiffs' urge the Court to strictly enforce the Stipulation of Settlement (*see* NYSCEF Doc. # 170). They argue that the 2023 agreements strictly defined a "clean site" and never guaranteed comprehensive remediation costs. They rely on the "as is" clauses in the Assignment Agreement to bar the fraud claims under the doctrine of caveat emptor. Furthermore, Plaintiffs argue Defendants executed the secret property sale specifically to render the Court's impending judgment ineffectual (NYSCEF Doc. #198).

4

[* 4]

Defendants argue Plaintiffs fraudulently misrepresented the true scope of the contamination (*see* NYSCEF Doc. #173 at 9). Defendants rely on the $13,295,630 Remediation Cost Estimate and argue the $1,500,000 contractual fee constituted an affirmative lie that tainted the 2023 contracts and the subsequent 2025 settlement. Defendants further argue that the Court must deny the asset freeze because they already disbursed the sale proceeds.

Applying these rules to the present matter, Plaintiffs have successfully satisfied their initial burden as they produced a valid, signed Stipulation of Settlement executed in open court and uncontroverted evidence that Defendants breached the agreement by failing to pay the $331,000 installment due October 31, 2025, and the agreed upon payments thereafter. Thus, the burden shifts to Defendants to establish fraud *see* (*Johnson v. Ranger*, 216 AD3d 925, 926 [2d Dep't 2023]).

Defendants fail to establish any material misrepresentation. Defendants' fraud theory rests on the assertion that Plaintiffs falsely stated that $1,5000,000 was the comprehensive cost to fully remediate the property. However, the AIA Agreement clearly established a flat fee for the specific service of achieving a "shovel ready" site (*see* NYSCEF Doc. #74). Furthermore, Defendants fail to establish justifiable reliance. Defendants are sophisticated real estate developers who purchased a property, they knew contained environmental contamination and the Assignment Agreement contains robust "as is" and merger clauses (*see* NYSCEF Doc. #167). Defendant had the ability to conduct their own due diligence prior to the agreements.

Regarding attorney fees, 22 NYCRR 130-1.1 permits the Court to award reasonable attorney fees resulting from frivolous conduct see (*Matter of Sottilare v. Fahner*, 160 AD3d 967, 968 [2d Dep't 2018]). Conduct is frivolous if it lacks any merit in law or is undertaken primarily to delay the resolution of the litigation (*see id.*). Defendants filed a legally baseless motion with no proofs in law or equity for their breach of a binding So-Ordered stipulation. Defendant failed to satisfy the elements of fraud and presented no valid reason, documentary or otherwise, to breach the settlement agreement. Furthermore, Defendants abused the judicial process by not disclosing the prospective property sale, for substantially more than they paid, in Court during oral arguments and substantial settlement conferencing (*see* NYSCEF Doc. #175; *see also* NYSCEF Doc. #203 at 10). Plaintiffs have demonstrated Defendants motion is frivolous and are entitled to legal fees.

Plaintiffs' Motion Sequence #7 to Enforce the Stipulation for Settlement and for Attorney Fees is granted in its entirety.

5

[* 5]

To obtain a preliminary injunction, Defendants must establish (1), a likelihood of success on the merits, (2) irreparable injury, and (3) a balance of equities in their favor *see* (*Power-Flo Techs., Inc. v. Crisp*, 231 AD3d 1070, 1071 [2d Dep't 2024]). Defendants have failed to establish any elements of fraud or any basis to grant it a preliminary injunction. Thus, Defendant's Motion Sequence #6 is denied in its entirety.

With regards to Plaintiff's Motion Sequence #8, an Order to Show Cause for a Temporary Restraining Order and Asset Freeze, generally, a preliminary injunction is unavailable to secure an unliquidated or unsecured money judgment *see* (*Credit Agricole Indosuez v. Rossiyskiy Kredit Bank,* 94 NY2d 541, 550 [2000]). However, under CPLR 6401, there is an exception where a defendant threatens to perform an act "tending to render the judgment ineffectual," the court may grant an injunction *see* (*Buckley v. McAteer,* 210 AD3d 1044, 1045 [2d Dep't 2022]. Defendants defaulted on a court-settled settlement, filed a frivolous motion, and clandestinely liquidated the primary asset associated with this litigation and failed to pay the balance of its stipulated agreement. Such deliberate manipulation constitutes conduct that would render a judgment ineffectual. Additionally, Plaintiff is entitled to enter judgment against Defendants and the Court shall enforce same.

Accordingly, it is hereby:

**ORDERED** that Defendant's **Motion Sequence #6 is DENIED** in its entirety; and it is further

**ORDERED** that Plaintiffs' **Motion Sequence #5 and #7 is GRANTED** in its entirety and the Court appoints Joel Lowy as temporary administrator of the Estate of Moris Lowy, and substitutes Joel Lowy as a named defendant; and it is further

**ORDERED** that Defendants Central Avenue Developers, LLC and Abraham A. Leser shall appear for depositions within 30 days of entry of this Order; and it is further

**ORDERED** that the Clerk of the Court is directed to enter a final judgment enforcing the Stipulation of Settlement against Defendants Central A venue Developers, LLC, Abraham A. Lesser, and Joel Lowy as temporary administrator for the Estate of Morris Lowy, jointly and

6

severally in the amount of $1,331,000.000, plus prejudgment interest calculated from October 10, 2025, together with costs and disbursements or as the Clerk of Court appropriately calculates; and it is further

**ORDERED** that Plaintiffs shall receive an award for their reasonable attorney fees and costs against Defendants Central Avenue Developers, LLC and Abaraham A. Lesser. Plaintiffs shall submit an attorney affirmation quantifying these damages in approximately thirty (30) days from entry of this Order; and it is further

**ORDERED** that Plaintiff's Motion Sequence #8 is **GRANTED in its entirety**. The temporary stay issued on January 15, 2026, remains in full force and effect. The court enjoins defendants from transferring, distributing, dissipating, encumbering, or otherwise disposing of any portion of the proceeds from the sale of the Property to FTK Group Holdings, LLC for $11,110,000; and it is further

**ORDERED** that Defendant shall deposit with this Court $2,000,000 of the proceeds from the sale of the Property, or such portion thereof as this Court deems appropriate, into an escrow account or with the Clerk of the Court; and it is further

**ORDERED** that Defendants shall file a full accounting of the disposition of the proceeds from the sale of the Property, including but not limited to all transfers, distributions, payments, and encumbrances made or incurred since November 19, 2025, within twenty (20) days of the entry of this Order.

The foregoing constitutes the Decision and Order of this Court.

**E N T E R,**

_____
**Hon. Cenceria P. Edwards, JSC, CPA**

7

[* 7]